502(a)(3) only if § 502(a)(1)(B) would not adequately address her claims."); <u>Pelosi v. Schwab Capital Markets, L.P.</u>, 462 F. Supp.2d 503, 515 (S.D.N.Y. 2006) (dismissing § 510 claim as the relief sought pursuant to plaintiff's § 510 claim was duplicative of his 502(a)(1)(B) claim).

Because Plaintiff has a claim and, moreover, has asserted a claim under § 1132(a)(1)(B) that will provide the relief she seeks, she is precluded – as a matter of law – from proceeding under a separate breach of fiduciary duty claim against Defendants pursuant to § 502(a)(3) on the basis of the denial of her claim for benefits. <u>Varity Corp. v. Howe</u>, <u>supra</u>.

C. **Defendants UTC and the Plan Are Not Proper Party Defendants To Plaintiff's Claims Under §§ 1132(a)(1)(B) or (a)(3).**

In Count One of Plaintiff's Complaint, she alleges that Defendants are liable to Plaintiff for payment of long-term disability benefits under 29 U.S.C. § 1132(a)(1)(B). (Compl., ¶ 34-36.) In Count Two, Plaintiff incorporates the allegations of Count One and claims that she is entitled to equitable remedies for Defendants' violation of Section (a)(1)(B). (<u>Id</u>. ¶¶ 39-40.) Defendants UTC and the Plan are not proper party defendants to Plaintiff's claims under 29 U.S.C. § 1132(a)(1)(B) or (a)(3), however, because they do not control administration of the Plan.

In her Complaint, Plaintiff alleges that benefits under the Plan are provided by the Policy issued by Liberty Life to the Plan sponsor, UTC. (Compl. at 1, ¶¶ 5, 7, 9.) Liberty Life is the administrator of the Plan, the funding source for long-term disability benefits under the Plan and arbiter of any claim and

*Ex A.*