only that, under the terms of the Policy, Liberty, as claims administrator, had sole discretionary authority to determine eligibility for LTD benefits and to construe the terms of the Policy and that, to that extent, it was a fiduciary within the meaning of ERISA. Defendants further admit that (1) the LTD plan is fully insured, effective October 1, 2006, by Group Disability Income Policy GF3-810-258966-016 ("Policy") which Liberty issued to UTC pursuant to the Plan, (2) UTC pays premiums to Liberty, (3) Liberty is solely responsible for payment of disability benefits to Covered Persons under the terms of the Policy, and (4) Liberty has sole discretionary authority for determination of claims and administrative appeals for LTD benefits under the Plan and the Policy.

35. Defendants admit that the Plan administrator is UTC and the Plan documents governing Plaintiff's claim and appeals for benefits are the SPD and the Policy.

36. Defendants admit that Paragraph 36 quotes language from the SPD applicable to Plan participants.

37. Defendants admit the statements made in Paragraph 37 based on the Administrative Record of Plaintiff's claim and appeals in the instant action.

22. [4]Defendants admit that the definition of "disabled" stated in the second sentence of Paragraph 22 applies after the first 24 months of Disability. Defendants admit that the Elimination Period is the greater of the end of the Covered Person's sick pay, Short Term Disability Benefits or 180 days.

---

[4] Plaintiff inadvertently retained some of the Paragraph numbering from her previous Local Rule 56(a)(1) Statement.


Ex. B