Estate of George v. Batista, 010813 CTDC, 3:08-cv-01023-VLB /**/ div.c1 {text-align: center} /**/

**THE ESTATE OF RAYLYN GEORGE, Plaintiff,**

**v.**

**LUIS BATISTA and the CITY OF BRIDGEPORT, Defendants.**

**Civil Action No. 3:08-cv-01023-VLB**

**United States District Court, D. Connecticut.**

**January 8, 2013**

### ORDER ON REMAINING EVIDENTIARY ISSUES

VANESSA L. BRYANT, District Judge.

1. Statement contained in Defendants' Motion to Dismiss The Court reviews and revises its [86] Order regarding the admissibility of Defendants' Motion to Dismiss and, in particular, a statement contained therein that the Court previously deemed in its [86] Order to be an admission.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case... This doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *DiLaura v. Power Auth. of State of N.Y.,* 982 F.2d 73, 76 (2d Cir. 1992) (internal quotation marks and citations omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id* . (internal quotation marks and citations omitted).

In analyzing whether Defendants' Attorney Spector may continue representing the Defendants in this action if allowed to testify at trial, the Court reviewed for a separate purpose the admissibility and centrality of the statement made by Defense counsel in the Motion to Dismiss. As a result of this further review and in light of the Court's need to correct a clear error, prevent manifest injustice, and consider new evidence, the Court now concludes that such statement does not constitute a judicial admission that may not be controverted at trial. *See also Corporacion de Mercadeo Agricola v. Mellon Bank Int'l,* 608 F.2d 43, 48 (2d Cir. 1979) (Noting that, in a case that moves from a first judge to a second, "[t]he first judge always has the power to change a ruling; further reflection may allow a better informed ruling in accordance with the conscience of the court. A fortiori, if the first judge can change his mind after denying summary judgment, and change his ruling, a second judge should have and does have the power to do so as well."); *Zhejiang Tongziang Imp. & Exp. Corp. v. Asia Bank, N.A.,* 98 CIV. 8288 (JSM), 2003 WL 174230 (S.D.N.Y. Jan. 24, 2003) (Noting that "[t]he major reasons to reexamine a prior [summary judgment] ruling are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"). The Court thus vacates and amends its [86] Order accordingly.

The Motion to Dismiss in which the suspect statement appears was withdrawn by the Defendants in subsequent filings with this Court and has found no further basis in the facts proposed to be offered by either party on the eve of trial. The at-issue Motion to Dismiss (Dkt. 7) was filed on September 2, 2008 in response to the original complaint filed on July 8, 2008. Subsequently, the Court entertained several motions for extensions of time by Plaintiff to respond

to the Motion to Dismiss (and on November 10, 2008, as a result of Plaintiff's failure to timely respond to the Motion despite the first extension of time by the Court, went so far as to Order Plaintiff to Show Cause). Thereafter, on December 22, 2008, Plaintiff filed a Motion to file an amended complaint. The Court granted Plaintiff's request the same day, further ordering Defendants to "notify the Court by 1/12/2009 [as to] whether they wish to maintain their motion to dismiss... in light of the amended complaint." See Dkt. 21, Order. Plaintiff filed its Amended Complaint on December 28, 2008. On January 15, 2009 the Court issued an Order "denying [7] Motion to Dismiss for Lack of Jurisdiction... as counsel for the defendants have informed the Court that they will answer the Amended Complaint [22]." *See* Dkt. 23, Order. Defendants filed an Answer to the Amended Complaint on March 16, 2009.

Thus, the docket demonstrates that Defendants affirmatively withdrew their Motion to Dismiss with the Court's approval upon the Plaintiff's filing of its Amended Complaint. As such, the statement in the withdrawn Motion to Dismiss cannot constitute a conclusive judicial admission, although it is both admissible and controvertible at trial. *See U.S. v. McKeon,* 738 F.2d 26, 31 (2d Cir. 1984) ("When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extra-judicial admission made by a party or his agent.") ( *quoting Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.,* 32 F.2d 195, 198 (2d Cir.), *cert. denied,* 280 U.S. 579 (1929); *CP Solution PTE, Ltd. v. Gen. Elec. Co.,* 470 F.Supp.2d 151, 158 n. 4 (quoting same); *Lambert v. Credit Lyonnais S.A.,* No. 93 CIV. 6876(LMM), 2001 WL 357316 (S.D.N.Y. Apr. 10, 2001) (same). "If the agent made the admission without adequate information, that goes to its weight, not to its admissibility." *Kunglig,* 32 F.2d at 198.

In reviewing *U.S. v. McKeon,* 738 F.2d 26 (2d Cir. 1984), which neither party has cited in any briefing before the Court, the Second Circuit standard as to evidentiary use of prior jury argument by counsel is also instructive to the Court's ruling. In determining whether statements made during opening arguments in a prior trial are admissible in a subsequent trial where they directly contradict the factual assertions in the subsequent trial's opening arguments, the McKeon court prescribed a five part inquiry into the admissibility of prior jury argument to circumscribe the evidentiary use of such argument. First, the court concluded that "the free use of prior jury argument might consume substantial time to pursue marginal matters.... This will result in a substantial loss of time on marginal issues, diversion from the real issues and exposure to evidence which may be otherwise inadmissible and prejudicial." *Id.* at 32. Second, "inferences drawn from an inconsistency in arguments to a jury may be unfair." *Id.* Third, "the free use of prior jury argument may deter counsel from vigorous and legitimate advocacy." *Id.* Fourth, "where an innocent factual explanation of a seeming inconsistency created by the prior opening statement exists, the offer of that explanation may seriously affect other rights of the defense, " including forcing the defendant to choose between foregoing the explanation or facing possible exposure of attorney work product, trial tactics, or legal theories to opposing counsel. *Id.* Fifth, "the admissibility of a prior opening statement may lead to the disqualification of counsel chosen by the defendant, a most serious consequence." *Id.* at 33.

The Second Circuit concluded that for these reasons the evidentiary use of prior jury argument must be circumscribed, and that "[b]efore permitting such use, the district court must be satisfied that the prior argument involves an assertion of fact inconsistent with similar assertions in a subsequent trial" and that "[t]he court must further determine that the statements of counsel were such as to be the equivalent of testimonial statements by the defendant." *Id.* Further, "[t]he formal relationship of the lawyer as agent and the client as principal by itself will rarely suffice to show [that statements of counsel were equivalent to the defendant's testimonial statements] since, while clients authorize their attorneys to act on their behalf, considerable delegation is normally involved and such delegation tends to drain the evidentiary value from such statements. Some participatory role of the client must be evident, either directly or inferentially as when the argument is a direct assertion of fact which in all probability had to have been confirmed by the defendant." *Id.* Lastly, the Second Circuit concluded that the district court should, in a hearing outside of the presence of the jury, determine by a preponderance of the evidence that the inference the prosecution seeks to draw from the inconsistency "is a fair one and that an innocent explanation for the inconsistency does not exist." *Id.*

Here, there is no evidence that the Defendants adopted or endorsed the statement contained in the Motion to Dismiss filed by their counsel; thus, no participatory role by the Defendants has been demonstrated. It is not customary in civil action that lay clients review memoranda of law in support of motions to dismiss. Further, although defense counsel in this case used no cautionary language upon adopting the facts alleged in the plaintiff's complaint, it is customary to use limiting language indicating that the facts contained in a motion to dismiss are, solely for purposes of the motion, not contested. In either case, courts may not resolve factual disputes at the motion to dismiss stage and the allegations plaintiff pleads in his or her complaint must be adopted for purposes of such a motion. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."); *Swierkiewicz v. Sorema N.A.,* 546 U.S. 506, 508 n.1 (2002) ("Because we review here a decision granting respondent's motion to dismiss, we must accept as true all of the factual allegations contained in the complaint."); *Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009) (well-pleaded factual allegations in a complaint must be accepted as true for purposes of reviewing a motion to dismiss); *Matson v. Bd. of Ed. Of City School Dist. Of N.Y.,* 631 F.3d 57, 63 (2d Cir. 2011) (for purposes of a motion to dismiss, court must accept all allegations in the complaint as true and draw all inferences in favor of the plaintiff). As such, the factual statement in Defendants' Motion to Dismiss would have been inapposite in any determination made by the Court at a later stage in this litigation.

In addition, Defendants argue that they included the statement at issue in their Motion to Dismiss precisely because of the above standards of factual adoption on a motion to dismiss. Thus, presentation to the jury of this statement as an admission could "result in a substantial loss of time on marginal issues" considering the limited nature of the factual review allowed to defendants on such a motion. Moreover, the statement at issue concerned a fact not at issue in the Motion to Dismiss in which it was contained, crediting the view that the statement was not probative of a central issue in the motion to dismiss.

Crucially, there is no evidence in the record *other than the statement in the Motion to Dismiss* that the City of Bridgeport conceded that an officer shot Mr. George in the leg as required by *McKeon,* particularly given that the statement was made in a memoranda of law unlikely to have been seen or approved by the clients and given that the Court only considers facts pled by a plaintiff in a complaint on a motion to dismiss.

Thus, the Court's [86] Order is VACATED IN PART. The Court grants in part and denies in part Defendants' [74] Motion. The Court GRANTS Defendant's Motion to Preclude Defendants' Motion to Dismiss (appearing as Plaintiff's proposed Exhibit 1). However, the Court DENIES the preclusion of Defendants' statement within the Motion to Dismiss that the "Defendants do not dispute that the decedent was shot in the leg by an officer." The Court holds that the statement at issue in the Defendants' Motion to Dismiss was neither intended as a statement of fact nor authorized or adopted by either Defendant in this case, and the statement at issue is an evidentiary admission both ADMISSIBLE and CONTROVERTIBLE at trial.

Plaintiff's objection to Defendants' request that Defense Attorney Elliot Spector be allowed to testify at trial (as articulated in the [90] Amended Joint Trial Memorandum) is OVERRULED. Attorney Spector may testify - while remaining as counsel for Defendants - for the limited purpose of explaining the statement made in the motion to dismiss so long as co-counsel handles the cross-examination on this subject matter. Further, the parties are notified that the Court is inclined to instruct the jury of the standard of review on a motion to dismiss and to the relevant law of withdrawn admissions.

2. Plaintiff's Exhibit 6, Medical Examiner's Report

Plaintiff's objection to portions of its own proposed Exhibit 6, Medical Examiner's Report, is OVERRULED ( *see* Plaintiff's [111] "Omnibus Response"). The facts upon which the Medical Examiner relies appear as though they will be established by the testimony of other witnesses. Additionally, the Medical Examiner is an expert entitled to state his opinions pursuant to Fed. R. Evidence 702 and may testify if his "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; the testimony is based on sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evidence 702. Plaintiff's arguments supporting its objections go to the weight of the evidence presented, not to the admissibility of the Exhibit.

3. Defendants' Exhibit B, Report on the Death of Raylyn George

Defendants' Exhibit B, Report on the Death of Raylyn George (also formerly Plaintiff's Exhibit 14) is ADMISSIBLE to the extent that it is a public record in compliance with Fed. R. Evidence 803(8), which permits a record or statement of a public office to be admitted into evidence as an exception to hearsay if the record or statement sets out "(i) the office's activities; (ii) a matter observed while under a legal duty to report...; or (iii) in a civil case..., factual findings from a legally authorized investigation; and neither the source of information nor other circumstances indicate a lack of trustworthiness." Fed. R. Evidence 803(8). Thus, statements of individuals who are not police officials with a duty to report their acts and observations are NOT ADMISSIBLE under this exception to hearsay and must be redacted. Such statements may be offered against a claim of

recent fabrication; i.e., to defend against a claim that a testifying witness has testified falsely or has recently fabricated testimony.

4. Plaintiff's Exhibit 6A, Telephone Notice of Death

The Court rules that Plaintiff's proposed Exhibit 6A, Telephone Notice of Death is INADMISSIBLE. This ruling is without prejudice to reoffering the evidence with a proper foundation under the public record exception to the rule against hearsay. There is currently insufficient foundational information to determine the admissibility of Exhibit 6A (i.e., who authored the notations contained in the Exhibit and which Plaintiff argues constitutes admissions). This is hearsay and no exception has been identified.

5. Plaintiff's Exhibit 11, State of Connecticut Department of Public Safety Investigation Report Cover Sheet

The Court rules that Plaintiff's Exhibit 11 is ADMISSIBLE upon the laying of a proper foundation.

IT IS SO ORDERED.