McGlasson v. Long Term Disability Coverage for All Active Full-Time, ...    https://casetext.com/case/mcglasson-v-long-term-disability-coverage-for-...

Case 3:16-cv-01807-VAB   Document 120-3   Filed 10/30/17   Page 1 of 21
Case 3:16-cv-00872-VAB   Document 34-6   Filed 12/16/16   Page 1 of 21

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA

- 2:15-cv-01512 JWS (D. Ariz. Feb. 11, 2016)

# MCGLASSON V. LONG TERM DISABILITY COVERAGE FOR ALL ACTIVE FULL-TIME



JOHN W. SEDWICK SENIOR UNITED STATES DISTRICT JUDGE

## ORDER AND OPINION

## [Re: Motions at Docket 14 & 27]

## **I. MOTION PRESENTED**

At docket 14, Defendants The Prudential Insurance Company of America ("Prudential"), Long Term Disability Coverage for All Active Full-Time and Part-Time Employees, other than those classified by the Employer as Pilots, who are U.S. residents and whose Total Annual Cash Compensation is between $60,000 and $199,999, excluding temporary and seasonal Employees, an ERISA benefit plan (the "Plan"), and JP-Morgan Chase Bank ("JPMorgan") (collectively, "Defendants") move to *2 dismiss all counts in the complaint submitted by Plaintiff Mark McGlasson ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff responds at docket 23. Defendant replies at docket 26. Plaintiff requests

McGlasson v. Long Term Disability Coverage for All Active Full-Time, ...        https://casetext.com/case/mcglasson-v-long-term-disability-coverage-for-...

Case 3:16-cv-01807-VLB   Document 130-3   Filed 10/30/17   Page 2 of 21
Case 3:16-cv-00872-VLB   Document 34-6   Filed 12/16/16   Page 2 of 21

oral argument, but it would not be of additional assistance to the court.

At docket 27, Plaintiff filed a Motion to Strike Portion of Defendants' Reply in Support of Their Motion to Dismiss, arguing that Defendants raised an immaterial matter in their motion to dismiss when they asserted that Plaintiff's LTD benefits are not exempt from Plaintiff's bankruptcy estate. Defendants respond at docket 33. Plaintiff replies at docket 34.

# II. BACKGROUND

This action arises under the Employment Retirement Income Security Act of 1974 ("ERISA"). Plaintiff worked as a manager for JPMorgan. He participated in and was a beneficiary of the Plan, which is an ERISA benefit plan offering short-term disability ("STD") and long-term disability ("LTD") benefits for certain JPMorgan employees. Prudential insures and administers the claims for JPMorgan under the Plan.

In 2009, following back surgery, Plaintiff applied for and received STD benefits under the Plan. He returned to work, but then had to have neck surgery in April 2011 and again received STD benefits. Due to continuing difficulties with his back and neck, Plaintiff stopped working on August 29, 2011, and applied for LTD benefits. He was approved for such benefits effective February 27, 2012, and continued to receive them until September 18, 2013. Plaintiff's claim for LTD benefits beyond that date was denied by Prudential in a letter dated April 7, 2014. After an appeal, Prudential upheld the decision to terminate LTD benefits by letter dated August 18, 2014. Plaintiff submitted a voluntary second appeal by letter dated February 13, 2015. Prudential denied the appeal by letter dated April 27, 2015. During the appeal process, in July of 2014, Plaintiff filed for bankruptcy. [3]

Plaintiff filed the lawsuit against Defendants in August of

2015. The Complaint alleges three causes of action. Count I is for the recovery of plan benefits against Prudential and the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B) (/statute/29-usc-1132-civil-enforcement). Counts II and III[1] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649924818848) are for breach of fiduciary duty against Prudential and JPMorgan, respectively, pursuant to 29 U.S.C. § 1132(a)(3) (/statute/29-usc-1132-civil-enforcement).[2] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649929893984)

> Plaintiff erroneously labels Count III as another Count II. The parties agree to refer to the breach of fiduciary duty claim against JPMorgan as Count III.

> Plaintiff also sought relief for breach of fiduciary duty against Prudential under 29 U.S.C. § 1132(a)(2) (/statute/29-usc-1132-civil-enforcement), but the parties stipulated to the dismissal of those portions of Counts II and III that seek relief under § 1132(a)(2) (Doc. 22), and the court entered an order granting dismissal to that extent (Doc. 23).

Defendants seek dismissal of Count I based upon judicial estoppel because Plaintiff failed to disclose his claim for LTD benefits in his bankruptcy petition. After Defendants filed the motion to dismiss, highlighting Plaintiff's failure to disclose, Plaintiff reopened the bankruptcy petition and therefore argues that judicial estoppel should not be applied because the omission was not intentional. Defendants also seek dismissal of Counts II and III arguing that Plaintiff is not seeking "appropriate equitable relief" but, rather, is improperly repackaging his benefits-denial claim. Plaintiff argues that there is no categorical bar to raising both a claim for benefits under § 1132(a)(1)(B) and a claim for equitable relief, including monetary surcharges, for a breach of fiduciary duty under §1132(a)(3) and that he should be allowed to proceed with both claims, particularly at this early stage in the litigation.

McGlasson v. Long Term Disability Coverage for All Active Full-Time, ...    https://casetext.com/case/mcglasson-v-long-term-disability-coverage-for-...

Case 3:16-cv-01807-VLB    Document 13    Filed 10/30/17    Page 4 of 21
Case 3:16-cv-00807-VLB    Document 120-3    Filed 12/16/16    Page 4 of 21

# III. STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[3] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649935056592) To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing [4] party to defend itself effectively."[4] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649929547888) Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649928710144) "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[6] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649926223664)

> *Vignolo v. Miller*, 120 F.3d 1075, 1077 (/case/vignolo-v-miller#p1077) (9th Cir. 1997).

> *Starr v. Baca*, 652 F.3d 1202, 1216 (/case/starr-v-baca#p1216) (9th Cir. 2011).

> *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (/case/balistreri-v-pacifica-police-dept#p699) (9th Cir. 1990).

> *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (/case/lee-v-city-of-los-angeles#p679) (9th Cir. 2001).

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[7] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649930944144) "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649931814704) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[9] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649930634096) "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649929886192) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[11]  (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649924913648)

> *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (/case/ashcroft-v-iqbal-4#p678) (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (/case/bell-atl-corp-v-twombly#p570) (2007)).
>
> *Id.*
>
> *Id.* (citing *Twombly*, 550 U.S. at 556 (/case/bell-atl-corp-v-twombly#p556)).
>
> *Id.* (quoting *Twombly*, 550 U.S. at 557 (/case/bell-atl-corp-v-twombly#p557)).
>
> *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (/case/moss-v-us-secret-service-3#p969) (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216 (/case/starr-v-baca#p1216).

# IV. DISCUSSION

"The civil enforcement provisions of ERISA, codified in § 1132(a), are 'the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting '5 improper processing of a claim for benefits.'"[12] (/case/mcglasson-v-long-

Case 3:16-cv-01807-VLB   Document 134-3   Filed 12/18/17   Page 6 of 21

term-disability-coverage-for-all-active-full-time#idm140649931220320) Under § 1132(a)(1)(B), a plan participant may bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[13] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649927918560) Under § 1132(a)(3) a plan participant may bring suit to "(A) enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan."[14] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649932995568) Plaintiff's complaint raises a claim under both § 1132(a)(1)(B) (Count I) and § 1132(a)(3) (Counts II and III). In Count I, Plaintiff seeks recovery of LTD benefits due under the terms of the Plan, as well as recovery of attorney's fees and prejudgment interest. In Count II, Plaintiff seeks an injunction against Prudential to prevent certain, specific claims processing conduct, as well as a surcharge for extra-contractual losses Plaintiff suffered as a result of Prudential's conduct. Count III simply seeks a generic injunction against JPMorgan.

> *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 953 (/case/gabriel-v-alaska-elec-pension-fund-1#p953) (9th Cir. 2014) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (/case/pilot-life-insurance-company-v-dedeaux#p52) (1987)).

> 29 U.S.C. § 1132(a)(1)(B) (/statute/29-usc-1132-civil-enforcement).

> 29 U.S.C. § 1132(a)(3) (/statute/29-usc-1132-civil-enforcement).

Preliminarily, the court notes that Plaintiff cannot seek an injunction against Defendants on behalf of other plan participants similarly situated, because he has not brought a class

action lawsuit. Moreover, § 1132(a)(2) is the ERISA provision that provides a remedy for injuries to the Plan as a whole, but Plaintiff has conceded that he cannot bring such a claim and has stipulated to dismiss his complaint to the extent it seeks relief under §1132(a)(2). Therefore, Plaintiff's request for an injunction in Counts II and III is necessarily limited to an injunction for his sole benefit to bar certain conduct on the part of Defendants in the event the parties have future interactions related to Plaintiff's LTD benefits after the law-suit is resolved. [6]

# A. Count I

Defendants seek dismissal of Count I based upon judicial estoppel because Plaintiff failed to disclose his pending claim for LTD benefits in his bankruptcy schedule of assets. "[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion."[15] (/case/mcglasson-v-long-term-dis-ability-coverage-for-all-active-full-time#idm140649930368112) "[It] precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."[16] (/case/mcglasson-v-long-term-disability-cover-age-for-all-active-full-time#idm140649934568928) In doing so, it prevents a litigant from "playing fast and loose with the courts" and protects the integrity of the judicial process.[17] (/case/mcglasson-v-long-term-disability-coverage-for-all-ac-tive-full-time#idm140649931168944) While there is no for-mula for determining when to apply judicial estoppel, typi-cally courts look at three factors: (1) whether the party's po-sition is clearly inconsistent with his prior position; (2) whether the party succeeded in getting the first court to ac-cept his earlier position; and 3) whether the party would de-rive an unfair advantage or impose an unfair detriment on another party if not estopped.[18] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-

McGlasson v. Long Term Disability Coverage for All Active Full-Time, ...    https://casetext.com/case/mcglasson-v-long-term-disability-coverage-for-...

Case 3:16-cv-01807-VLB   Document 130-6   Filed 10/30/17   Page 8 of 21
Case 3:16-cv-00872-VLB   Document 134-3   Filed 12/16/16   Page 8 of 21

full-time#idm140649929650576)

> *New Hampshire v. Maine*, 532 U.S. 742, 750 (/case
> /new-hampshire-v-maine-3#p750) (2001) (internal
> quotation marks omitted).

> *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778,
> 782 (/case/hamilton-v-state-farm-fire-cas-co#p782)
> (9th Cir. 2001).

> *Id.*

> *New Hampshire*, 532 U.S. at 750-51 (/case/new-hamp-
> shire-v-maine-3#p750).

"In the bankruptcy context, the federal courts have devel-
oped a basic default rule: If a plaintiff-debtor omits a pend-
ing (or soon to be filed) lawsuit from the bankruptcy sched-
ules and obtains a discharge (or plan confirmation), judicial
estoppel bars the action."[19] (/case/mcglasson-v-long-
term-disability-coverage-for-all-active-
full-time#idm140649928445536) The reason for such a rule is
that the Bankruptcy Code and rules impose a duty upon
debtors to include contingent or unliquidated claims as as-
sets.[20] (/case/mcglasson-v-long-term-disability-coverage-
for-all-active-full-time#idm140649933668800) "[If] the
plaintiff-debtor represented in the bankruptcy case that no
claim existed, so he or she is ·7 estopped from representing
in the lawsuit that a claim *does* exist."[21] (/case/mcglasson-
v-long-term-disability-coverage-for-all-active-
full-time#idm140649933042480) However, a plaintiff-debtor
can avoid the application of judicial estoppel when the omis-
sion was inadvertent or a mistake. What constitutes an inad-
vertent or mistaken omission is defined narrowly in a situa-
tion where the plaintiff-debtor has not reopened bankruptcy
proceedings to correct the initial error—in such a situation
courts ask "whether the debtor knew about the claim when
he or she filed the bankruptcy schedules and whether the
debtor had a motive to conceal the claim."[22] (/case/mcglas-
son-v-long-term-disability-coverage-for-all-active-
full-time#idm140649936149840) If, however, the plaintiff-

McGlasson v. Long Term Disability Coverage for All Active Full-Time, ...        https://casetext.com/case/mcglasson-v-long-term-disability-coverage-for-...

Case 3:16-cv-01807-VLB   Document 120-3   Filed 10/30/17   Page 9 of 21
Case 3:16-cv-00872-VLB   Document 134-3   Filed 12/16/16   Page 9 of 21

debtor reopens bankruptcy proceedings and corrects the er-
ror, a less restrictive meaning of inadvertence or mistake is
applied—in such a situation the court looks more broadly at
the plaintiff-debtor's subjective intent. That is, "[t]he rele-
vant inquiry is not limited to the plaintiff's knowledge of the
pending claim and the universal motive to conceal a poten-
tial asset."[23] (/case/mcglasson-v-long-term-disability-cover-
age-for-all-active-full-time#idm140649928848176)      Rather,
the court looks at whether the omission was made without
the intent to conceal.[24] (/case/mcglasson-v-long-term-dis-
ability-coverage-for-all-active-
full-time#idm140649929358432)

> *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267,
> 271          (/case/quin-v-cnty-of-kauai-dept-of-
> transp#p271) (9th Cir. 2013).

> *Hamilton*, 270 F.3d at 785 (/case/hamilton-v-state-
> farm-fire-cas-co#p785).

> *Ah Quin*, 733 F.3d at 271 (/case/quin-v-cnty-of-kauai-
> dept-of-transp#p271).

> *Id.*

> *Id.* at 276-77.

> *Id.*

Here, Plaintiff has recently reopened his bankruptcy pro-
ceedings, and therefore, the court must consider Plaintiff's
subjective intent when omitting his LTD benefits claim from
his bankruptcy schedule. Of particular note is that Plaintiff
submitted a declaration to the court averring that he had no
intent to conceal his potential LTD benefits from the bank-
ruptcy court.[25] (/case/mcglasson-v-long-term-disability-cov-
erage-for-all-active-full-time#idm140649929366608)      While
it is generally not appropriate to consider outside evidence
at the motion-to-dismiss stage, courts have recognized that
some evidentiary analysis is *8 warranted when looking at a
plaintiff-debtor's subjective intent in regard to his bank-
ruptcy      filings.[26] (/case/mcglasson-v-long-term-disability-

McGlasson v. Long Term Disability Coverage for All Active Full-Time, ...     https://casetext.com/case/mcglasson-v-long-term-disability-coverage-for-...

Case 3:11-cv-01897-VLB   Document 120-3   Filed 12/30/17   Page 10 of 21
Case 3:16-cv-00372-VLB   Document 34-6   Filed 12/30/16   Page 10 of 21

coverage-for-all-active-full-time#idm140649923601984)

Plaintiff's declaration states as follows:

> This fact distinguishes the situation from *Dzakula v.
> McHugh*, 746 F.3d 399 (/case/dzakula-v-mchugh-4)
> (9th Cir. 2014). In *Dzakula*, the appeals court upheld
> the district court's application of judicial estoppel
> where the plaintiff failed to include her discrimina-
> tion claim in her bankruptcy schedules. The appeals
> court stressed that the plaintiff failed to present any
> evidence explaining her failure to include the action
> on her bankruptcy schedules. *Id.* at 401.

> *See Dzakula*, 746 F.3d at 401 (/case/dzakula-
> v-mchugh-4#p401) (noting that the plaintiff "pre-
> sented no evidence, by affidavit or otherwise, ex-
> plaining her initial failure to include the action on
> her bankruptcy schedules"); *see also Zyla v. Am. Red
> Cross Blood Servs.*, No. 13-cv-2464, 2014 WL 3868235,
> at *8 (N.D. Cal. Aug. 6, 2014) ("[A]lthough courts do
> not typically looks outside the pleadings to decide a
> motion to dismiss, the Court finds it necessary to
> consider [the plaintiff's] declaration in deciding
> whether the inadvertence/mistake exception ap-
> plies.").

McGlasson v. Long Term Disability Coverage for All Active Full-Time, ...    https://casetext.com/case/mcglasson-v-long-term-disability-coverage-for-...

Case 3:11-cv-01897-VLB   Document 120-3   Filed 12/30/16   Page 11 of 21
Case 3:16-cv-00972-VLB   Document 34-6   Filed 12/30/16   Page 11 of 21

7. When we hired Oswalt Law Group to represent us in the bankruptcy proceedings, I was always candid about my LTD matter and my disabled status. I discussed the LTD claim and my receipt of Social Security Disability Insurance benefits with [the attorney] from Oswalt Law Group when we met in person prior to filing. I thought that Oswalt Law Group was taking care of appropriately listing my LTD claims and any other disability issues in the bankruptcy petition.

8. I reviewed the voluntary petition before signing it, and it looked fine to me. If I knew that appealing Prudential's denial of LTD benefits meant that those LTD benefits were an asset, even though I was not receiving any benefits, then I would have spoke up to include them. . . . I have no expertise in bankruptcy law and believed that the filings provided the necessary information.

10. . . . In signing the bankruptcy paperwork, I assumed everything was fine based on my limited knowledge. The disability benefits were listed in the Statement of Financial Affairs section, so we absolutely were not hiding the benefits or related claims. I would have gladly listed the LTD claims as an assert if I knew to do that.

These statements are sufficient at this stage to show that there was no intent to conceal on the part of Plaintiff. That is, the court "finds it plausible that Plaintiff's omission of his potential claims against Defendants was mistaken or inadvertent."[28]    (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649934482224)    He disclosed them to his attorney and listed his LTD benefits in the financial affairs section of the bankruptcy petition. While it remains to be seen why the bankruptcy attorney did not properly list the claim for LTD benefits as an asset, the court must look at the subjective *9 intent of the plaintiff-debtor, not his counsel.[29]    (/case/mcglasson-v-long-term-disability-

coverage-for-all-active-full-time#idm140649930021088)

While Defendants contend that Plaintiff's declaration is self-serving, they do not put forth any evidence to suggest, or even specifically argue, that it contains false statements. Of note, Defendants to not disagree that Plaintiff disclosed his LTD benefits in the financial affairs section of his petition.[30]    (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649936557824) Even if there are factual disputes regarding the veracity of Plaintiff's declaration, the court cannot dismiss Plaintiff's claim for benefits pursuant to a Rule 12(b)(6) motion based on such a dispute. "This finding does not, however, preclude the parties from pursuing further factual development for further adjudication as to whether judicial estoppel applies."[31] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649934219120)

> *Powell v. Wells Fargo Home Mortg.*, No. 14-cv-04248, 2015 WL 4719660, at *6 (/case/powell-v-wells-fargo-home-mortg-1#p6) (N.D. Cal. Aug. 7, 2015).

> Zyla, 2014 WL 3868235, at *7; *see also Just Film, Inc., Merch. Servs., Inc.*, 873 F. Supp. 2d 1171, 1179 (/case/just-film-inc-v-merch-servs-inc#p1179) (N.D. Cal. 2012) (finding no bad faith where the plaintiff disclosed pending lawsuit to bankruptcy attorney who failed to include it in the bankruptcy schedules).

> The court has no other basis to conclude that this statement is untrue because the bankruptcy petition was not attached to the motion to dismiss even though Defendants indicated in their memorandum that the petition was filed as an attached exhibit. *See* doc. 15 at p. 5.

> *Powell*, 2015 WL 4719660, at *6 (/case/powell-v-wells-fargo-home-mortg-1#p6).

# B. Counts II and III

In Counts II and III, Plaintiff asserts a fiduciary misconduct claim against Prudential and JPMorgan, respectively, under § 1132(a)(3). In *Variety Corp. v. Howe*,[32] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-

full-time#idm140649927252928) the Supreme Court held that § 1132(a)(3) authorizes lawsuits for individualized equitable relief. The Court further explained that § 1132(a)(3) is a "catchall" provision designed to provide "appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy."[33] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649927705200) That is, when § 1132(a)(1)(B) provides adequate relief for a plaintiff's injury, equitable relief under § 1132(a)(3) is not "likely" or "normally" appropriate.[34] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649931049136) Defendants argue that Plaintiff's § 1132(a)(3) claims *10 should be dismissed because Count I will provide adequate relief to address Plaintiff's injury and therefore additional equitable relief is not appropriate.

    516 U.S. 489 (/case/varity-corp-v-howe) (1996)

    *Id.* at 512.

    *Id.* at 515.

The Ninth Circuit most recently addressed § 1132(a)(3) in *Wise v. Verizon Communications, Inc.*[35] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649934285600) The Ninth Circuit applied *Variety* to bar a claim for breach of fiduciary duty under § 1132(a)(3) where the plaintiff sought equitable relief in the form of an award of past and future benefits and removal of the plan administrators as fiduciaries. The court explained that the requested relief was duplicative of relief she sought under other ERISA provisions. Here, Plaintiff's complaint does not on its face run afoul of *Wise* because Counts II and III do not request the same remedy as Count I. Count I seeks to recover all benefits due under the terms of the Plan, to enforce his rights under the Plan, and to recover attorney's fees and prejudgment interest.[36] (/case/mcglasson-

v-long-term-disability-coverage-for-all-active-

full-time#idm140649925236048) Count II seeks to enjoin
Prudential from using "neighborhood canvassing," seeking
overpayment resulting from social security disability insur-
ance benefits, using "flight paths" as a way to deny benefits
based on financial liability instead of the merits, and seeking
an independent medical examination on appeal in order to
toll ERISA deadlines.[37]   (/case/mcglasson-v-long-term-dis-
ability-coverage-for-all-active-

full-time#idm140649934192784) Count III simply seeks to
"enjoin any act or practice by Defendants, which violates
ERISA or the Plan" and obtain "other appropriate equitable
relief that is traditionally available in equity."[38] (/case/mc-
glasson-v-long-term-disability-coverage-for-all-active-

full-time#idm140649924825312)

> 600 F.3d 1180 (/case/wise-v-verizon-communica-
> tions) (9th Cir. 2010).
>
> Doc. 1 at pp. 25-26.
>
> Doc. 1 at pp. 27-32.
>
> Doc. 1 at p. 34.

Count II also seeks monetary relief in the form of a sur-
charge based on the debt and bankruptcy attorneys' fees he
incurred because of Prudential's breaching conduct.[39] (/case
/mcglasson-v-long-term-disability-coverage-for-all-active-

full-time#idm140649928409936) *11 However, based on
*CIGNA Corp. v. Amara*,[40] (/case/mcglasson-v-long-term-dis-
ability-coverage-for-all-active-

full-time#idm140649927689360) the fact that Plaintiff seeks
monetary compensation in both Count I and Count II does
not make the requests duplicative. In *Amara*, the Supreme
Court held that reformation of a pension plan was not a
remedy available under § 1132(a)(1)(B), but it also went on to
address whether such a remedy could be considered "appro-
priate equitable relief" under § 1132(a)(3). The Court defined

Case 3:16-cv-00872-VLB    Document 120-3    Filed 12/30/16    Page 15 of 21

that term as "those categories of relief that, traditionally
speaking . . . were typically available in equity."[41] (/case/mc-
glasson-v-long-term-disability-coverage-for-all-active-
full-time#idm140649932751360) It explained that equitable
relief can take the form of monetary compensation, referred
to as a surcharge. "The surcharge remedy was extended to a
breach of trust committed by a fiduciary encompassing any
violation of a duty imposed upon that fiduciary" and could
be imposed to compensate a plaintiff "for a loss resulting
from a trustee's breach of duty, or to prevent the trustee's
unjust enrichment."[42] (/case/mcglasson-v-long-term-disabil-
ity-coverage-for-all-active-full-time#idm140649934286720)
While the Court's discussion of the specific types of equi-
table relief in *Amara* is dicta, the court nonetheless applies it
as persuasive authority.[43] (/case/mcglasson-v-long-term-dis-
ability-coverage-for-all-active-
full-time#idm140649923804944) Indeed, in *Gabriel v. Alaska
Pension Fund*,[44] (/case/mcglasson-v-long-term-disability-cov-
erage-for-all-active-full-time#idm140649926376288)    the
Ninth Circuit recognized that, based on *Amara*, monetary
compensation is not necessarily barred as a potential remedy
under § 1132(a)(3) as long as the claim is brought by a benefi-
ciary against a plan fiduciary for losses resulting from a
trustee's breach of duty or to prevent a trustee's unjust en-
richment.[45] (/case/mcglasson-v-long-term-disability-cover-
age-for-all-active-full-time#idm140649931485616) In Count
II, Plaintiff seeks the imposition of a surcharge to compen-
sate *12 him for the extra-contractual losses resulting from
Prudential's fiduciary breaches. Thus, a surcharge could po-
tentially be a non-duplicative, appropriate equitable remedy.

Doc. 1 at p. 26.

563 U.S. 421 (2011).

*Id.* at 439 (internal quotation marks omitted).

*Id.* at 441-42.

McGlasson v. Long Term Disability Coverage for All Active Full-Time, ...    https://casetext.com/case/mcglasson-v-long-term-disability-coverage-for-...

Case 3:16-cv-00872-VLB   Document 120-3   Filed 12/30/17   Page 16 of 21
Case 3:16-cv-00872-VLB   Document 134-6   Filed 12/16/17   Page 16 of 21

*See Valladolid v. Pac. Operations Offshore, LLP*, 604
F.3d 1126, 1131 (/case/valladolid-v-pacific-ope#p1131)
(9th Cir. 2010) ("Of course, we treat the considered
dicta of the Supreme Court with greater weight and
deference 'as prophecy of what that Court might
hold.'" (quoting *United States v. Montero-Camargo*,
208 F.3d 1122, 1132 (/case/us-v-montero-camargo-
3#p1132) n. 17 (9th Cir. 2000) (en banc)).

773 F.3d 945 (/case/gabriel-v-alaska-elec-pension-
fund-1) (9th Cir. 2014).

*Id.* at 963.

Defendants argue that even though Counts II and III may
seek relief that is distinct from the relief sought in Count I,
they should nonetheless be dismissed because they are based
on the same allegedly wrongful conduct that forms the basis
of Count I—improper claims handling and denial—and
therefore Count I will provide an adequate remedy to ad-
dress such conduct. There has been no subsequent Ninth
Circuit precedent discussing how *Amara* affects *Wise* and *Va-
riety*, and there is no other precedent that provides further
guidance in determining when § 1132(a)(1)(B) will necessar-
ily provide adequate relief or that would clearly bar Plain-
tiff's § 1132(a)(3) claim at the outset as Defendants suggest.
However, the court finds the Second Circuit's decision in
*New York State Psychiatric Association, Inc. v. UnitedHealth
Group*,[46] (/case/mcglasson-v-long-term-disability-coverage-
for-all-active-full-time#idm140649931415072) to be persua-
sive. That case also involved a plaintiff bringing a claim un-
der § 1132(a)(1)(B) for wrongful denial of benefits and a
claim under § 1132(a)(3) for breach of fiduciary duty based
on the wrongful denial of benefits. The court held that even
though the two claims were based on the same allegations of
wrongful denial of benefits, the plaintiff was not necessarily
limited to a § 1132(a)(1)(B) cause of action.[47] (/case/mcglas-
son-v-long-term-disability-coverage-for-all-active-
full-time#idm140649931553376) It stressed that a plaintiff
was only barred from obtaining a duplicative *remedy* under

ERISA. Therefore, it concluded that the district court must evaluate a plaintiff's ERISA claims under both sections before deciding whether recovery of benefits under § 1132(a)(1)(B) fully compensates the plan participant for his injury, thereby rendering any other remedy duplicative, or whether an additional equitable remedy is appropriate to make the plan participant whole. Based on *New York Psychiatric Association*, at this motion-to-dismiss stage, the court here cannot sufficiently determine whether recovery *13 of benefits under § 1132(a)(1)(B) will provide adequate relief. Other courts in this district and in this circuit have concluded similarly when confronted with such an issue in a motion to dismiss.[48] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649933024464)

> 798 F.3d 125 (/case/ny-state-psychiatric-assn-inc-v-unitedhealth-grp-uhc-ins-co-united-healthcare-ins-co-of-ny-united-behavioral-health) (2d Cir. 2015).

> *Id.* at 134 ("'Variety Corp. did not eliminate a private *cause of action* for breach of fiduciary duty when another potential remedy is available.'" (quoting *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89 (/case/devlin-v-empire-blue-cross-and-blue-shield#p89) (2d Cir. 2001)).

> See *Braun v. USAA Grp. Disability Income*, No. 13-cv-01923, 2014 WL 3339795, at *3 (D. Ariz. July 8, 2014); *Mullin v. Scottsdale Healthcare Corp. Long Term Disability Plan*, No. 15-cv-01547, 2016 WL 107838, at *3-*4 (D. Ariz. Jan. 11, 2016); *A.F. v. Providence Health Plan*, No. 13-cv-00776, 2016 WL 81796 (D. Or. Jan. 7, 2016).

Defendants cite the Sixth Circuit's en banc decision in *Rochow v. Life Insurance Company of North America* [49] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649936365760) to argue that when allegations of wrongful denial of benefits form the basis for both a claim under § 1132(a)(1)(B) and under § 1132(a)(3), as is the case here, the claim under § 1132(a)(3) is categorically barred as duplicative because there has not been a separate and dis-

McGlasson v. Long Term Disability Coverage for All Active Full-Time, ...    https://casetext.com/case/mcglasson-v-long-term-disability-coverage-for-...

Case 3:16-cv-00872-VLB    Document 124-3    Filed 12/30/17    Page 18 of 21
Case 3:16-cv-00872-VLB    Document 34-6    Filed 12/30/17    Page 18 of 21

tinct injury pled. In *Rochow*, the plaintiff sought to recover under both §1132(a)(1)(B) and § 1132(a)(3) for the defendant insurance company's arbitrary and capricious denial of LTD benefits. Specifically, he brought a standard claim under § 1132(a)(1)(B), for which he sought recovery of benefits, and also a claim for breach of fiduciary duty under § 1132(a)(3) based on the defendant's continued withholding of the wrongfully denied benefits, for which he sought disgorgement of the profits defendants received as a result of its wrongful denial. The Sixth Circuit found that the plaintiff's breach of fiduciary duty claim was essentially a repackaging of his wrongful denial of benefits claim. It believed the plaintiff only suffered a single injury for which he could be adequately made whole under § 1132(a)(1)(B). Therefore, the court held that the plaintiff was not entitled to disgorgement of profits under § 1132(a)(3).

780 F.3d 364 (6th Cir. 2015) (en banc).

Contrary to Defendant's assertion, *Rochow* does not clearly dictate that § 1132(a)(3) claims based upon the wrongful denial of benefits be categorically barred in a situation where the plaintiff also brings a § 1132(a)(1)(B) claim for wrongful denial of *14 benefits.[50] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649936457280) The court in *Rochow* specifically stated that a claimant can bring simultaneous claims under both sections "where the breach of fiduciary duty claim is based on an *injury* separate and distinct from the denial of benefits *or* where the remedy afforded by Congress under [§ 1132(a)(1)(B)] is otherwise shown to be inadequate."[51] (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649927851552) Indeed, when determining whether the plaintiff was entitled to disgorgement of profits under § 1132(a)(3), the court not only looked at the injury suffered but also at the adequacy of the remedy available un-

der § 1132(a)(1)(B) in making him whole. It concluded that equitable relief in the form of disgorgement of the defendant's profits was not necessary to make the plaintiff whole, stressing that his "loss remained exactly the same irrespective of the use made by [the defendant] of the withheld benefits."[52]    (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649929270128)   Thus, it disallowed disgorgement of profits as an appropriate equitable remedy under a § 1132(a)(3). Unlike the plaintiff in *Rochow*, Plaintiff does not request disgorgement of profits as a remedy.[53]   (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649928024400)   Instead, the relief requested for Prudential's violation of § 1132(a)(3), in addition to an injunction, is a surcharge to compensate him for extra-contractual losses suffered as a result of Prudential's breach. *Rochow* does not address such a situation. Moreover, Plaintiff specifically alleges that additional monetary relief is necessary to make him whole, and the court cannot determine whether this is true at the motion-to-dismiss stage.[54]   (/case/mcglasson-v-long-term-disability-coverage-for-all-active-full-time#idm140649929706688)    Therefore, the court concludes [15] that it should wait for a more fully developed record and summary judgment before deciding whether the relief sought by Plaintiff under Counts II and III is duplicative of the relief sought by Plaintiff under Count I.

> Indeed, *Rochow* was decided after the development of a full factual record.

> *Id.* at 372 (stating that a claimant may simultaneously bring claims under both sections "only where the breach of fiduciary duty claim is based on an *injury* separate and distinct from the denial of benefits *or* where the remedy afforded by Congress under § [1132(a)(1)(B)] is otherwise shown to be inadequate" (emphasis added to "or")).

> *Id.* at 374.

> Plaintiff asserts that Prudential was unjustly en-

McGlasson v. Long Term Disability Coverage for All Active Full-Time, ...     https://casetext.com/case/mcglasson-v-long-term-disability-coverage-for-...

Case 3:11-cv-00897-VLB   Document 120-3   Filed 10/30/17   Page 20 of 21
Case 3:16-cv-00572-VLB   Document 34-6   Filed 12/16/16   Page 20 of 21

riched but he does not ask for disgorgement of profits.

In *Rochow*, the court noted that the plaintiff did not make a showing that the benefits recovered under §1132(a)(1)(B) were inadequate to make him whole but the court was making its determination based on a complete record. The court here is reviewing the issue on a motion to dismiss, based only on the complaint and without the benefit of a complete record. --------

# V. CONCLUSION

Based on the preceding discussion, Defendants' motion to dismiss at docket 14 is DENIED.

Plaintiff's motion to strike at docket 27 is DENIED AS MOOT, given that the court found dismissal of Count I unwarranted without addressing the issue of exemption of LTD benefits from a bankruptcy estate.

DATED this 11 day of February 2016

/s/ JOHN W. SEDWICK

SENIOR UNITED STATES DISTRICT JUDGE

© 2016 Casetext, Inc.
Casetext, Inc. and Casetext are not attorneys or a law firm and do

Contact (mailto:contact@casetext.com)   Features (/features)

not provide legal advice.

Pricing (/pricing)   Terms (/terms)   Privacy (/privacy)