UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HALEY SPEARS<br>Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON AND THE<br>GROUP LIFE INSURANCE<br>AND DISABILITY PLAN OF UNITED<br>TECHNOLOGIES CORPORATION a/k/a:<br>THE UTC CHOICE INTEGRATED<br>DISABILITY BENEFIT PROGRAM<br>Defendants. | Civil No. 3:11-cv-01807 (VLB) |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Liberty Life Assurance Company of Boston ("Defendant" or "Liberty Life), by and through its attorneys, Jackson Lewis LLP, hereby provides its objections and responses to Plaintiff's First Set of Requests for Production dated August 20, 2012 ("Requests"). Defendant's decision to provide documents notwithstanding the objectionable nature of any of the Requests should not be construed as (a) a stipulation that the material is relevant, (b) a waiver of the objections asserted in response to specific Requests, or (c) an agreement that requests for similar documents or information in this or any other related proceeding will be treated in a similar manner.

Discovery and investigation are ongoing in this action. The following responses are based upon this Defendant's present knowledge with regard to information

1

B

## SPECIFIC OBJECTIONS AND RESPONSES

1. Your claims manual, internal rules, claims handling policies, letters, memos, e-mails and any other similar documents which apply to or were used in evaluating plaintiff's claims for benefits. If they were provided to plaintiff previously, state the Bates numbers on the documents.

**OBJECTIONS:**

a) To the extent this Request seeks documents relating to the STD claim, the requested documents are immaterial and irrelevant as the STD claim is not at issue in this litigation.

b) The Request is vague and ambiguous to the extent it requests "letters, memos, and emails ... which apply to or were used in evaluating plaintiff's claims for benefits."

c) The Request seeks documents that constitute confidential, proprietary material and/or trade secrets without sufficient guarantees of confidentiality.

d) To the extent this Request seeks documents utilized in rendering opinions regarding Plaintiff's disability by independent peer review physicians which are not part of the Administrative Record, Defendant objects on the ground that this information is not within the knowledge, custody, or control of Liberty Life. The independent peer review physicians were obtained and controlled by independent service providers, not by Liberty Life.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Liberty Life states that

3

Liberty Life has Policies, Procedures and Exceptions (PPEs) that generally pertain to claims matters. Liberty Life's PPEs provide no statement of policy or guidance which advises Liberty Life personnel to pay or deny claims based on any specific criteria, medical diagnosis, or circumstances. They are available to Liberty Life personnel for reference purposes only. Plaintiff's Claim File does not have any reference to any specific PPE. Had a particular guideline been used as part of the claim determination, it would have been noted in the Claim File. Liberty Life considers its PPE to be proprietary confidential information. A copy of the index for the PPE, which Liberty Life also considers proprietary confidential information, will be voluntarily provided to Plaintiff conditioned upon Plaintiff's agreement to execute a consent protective order protecting the Index and any listed documents from further disclosure. If Plaintiff wishes to receive specific procedures, Defendant requests that Plaintiff identify such procedures on the index and provide a brief explanation of the relevance of the requested document. Defendant will give the request for additional documents due consideration, but reserves the right to maintain its objections regarding the relevance and discoverability of any such additional documents.

2. All agreements, letters, memos, e-mails and other documents between you and plaintiff's employer which relate to plaintiff's claims for benefits. If they were provided to plaintiff previously, state the Bates numbers on the documents.

**OBJECTIONS:**

a) To the extent this Request seeks documents relating to the STD claim, the requested documents are immaterial and irrelevant as the STD claim is not at

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 8th day of October, 2012, to the following counsel and pro se parties of record:

Winona W. Zimberlin, Esq.
2 Congress Street
Hartford, CT 06114-1024

Attorneys for Plaintiff

_____
Sarah C. Baskin

This 8th day of October 2012.