# No. 15-3921

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

JANET SOLNIN,
Plaintiff-Appellee

v.

SUN LIFE AND HEALTH INSURANCE COMPANY, GENWORTH LIFE AND
HEALTH INSURANCE COMPANY, GE GROUP LIFE ASSURANCE
COMPANY, PHOENIX LIFE INSURANCE COMPANY,
Defendants-Appellants.

_____

On Appeal from the United States District Court
for the Eastern District of New York (Central Islip)
_____

Brief of the Secretary of Labor, Thomas E. Perez, as Amicus Curiae
in Support of Plaintiff-Appellee and Requesting Affirmance
_____

M. PATRICIA SMITH
Solicitor of Labor

G. WILLIAM SCOTT
Associate Solicitor

ELIZABETH HOPKINS
Counsel for Appellate and
Special Litigation

EIRIK CHEVERUD
Attorney

MEGAN HANSEN
Attorney

NAVIN JANI
Attorney

U.S. Department of Labor
200 Constitution Ave., N.W., N-4611
Washington, DC 20210
(202) 693-5627

# **TABLE OF CONTENTS**

STATEMENT OF INTEREST ...................................................................1

STATEMENT OF THE CASE ..................................................................2

SUMMARY OF THE ARGUMENT ..........................................................8

ARGUMENT .............................................................................................14

    I.    THE TIME LIMITS IN THE ERISA CLAIMS REGULATIONS
           APPLY TO A REMANDED CLAIM, WHICH SHOULD
           NORMALLY BE CONSIDERED A REQUEST FOR REVIEW OF
           A DENIED CLAIM AND SHOULD BE CONSIDERED RECEIVED
           BY THE CLAIMS FIDUCIARY ON THE DATE OF THE COURT
           ORDER.....................................................................................................14

           A.    A Claim that has been Remanded by a Court Generally Should
                   be Treated as an Appeal of a Denied Claim under the ERISA
                   Claims Regulations ..................................................................14

           B.    The Deadlines Set Forth in the ERISA Claims Regulations
                   Apply When a Court Reverses a Denial of Benefits and
                   Remands a Claim to an Administrator to Reconsider the
                   Denied claim ...........................................................................16

           C.    The Deadlines Begin to Run From the Dates the Court Files
                   its Order Requiring the Claims Administrator to Reconsider
                   the Claim ..................................................................................20

CONCLUSION ...........................................................................................23

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE AND ECF COMPLIANC

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases:**

<u>Auer v. Robbins</u>,
  519 U.S. 452 (1997)............................................................................14

<u>Brown v. J.B. Hunt Transp, Srvcs., Inc.</u>,
  586 F.3d 1079 (8th Cir. 2009) ................................................... 13 n.6

<u>Caldwell v. Life Ins. Co. of N. Am.</u>,
  959 F. Supp. 1361 (D. Kan. 1997).......................................................21

<u>Dimopoulou v. First Unum Life Ins. Co.</u>,
  No. 1:13-CV-7159, 2016 WL 612890 (S.D.N.Y. Jan. 26, 2016)......... 12, 20 n.10

<u>Firestone Tire & Rubber Co. v. Burch</u>,
  489 U.S. 101 (1989)..................................................................... 17, 19

<u>Halo v. Yale Health Plan</u>,
  819 F.3d 42 (2d Cir. 2016) ..................................................................18

<u>Hardt v. Reliance Standard Life Ins. Co.</u>,
  540 F. Supp. 2d 656 (E.D. Va. 2008), <u>aff'd</u> <u>on</u> <u>other</u> <u>grounds</u>,
  560 U.S. 242 (2010)............................................................. 12, 17, 21

<u>Kennedy v. Empire Blue Cross & Blue Shield</u>,
  989 F.2d 588 (2d Cir. 1993) ......................................................... 13 n.6

<u>Metropolitan Life Ins. Co. v. Glenn</u>,
  554 U.S. 105 (2008)..................................................................... 12, 19

<u>Miller v. United Welfare Fund</u>,
  72 F.3d 1066 (2d Cir. 1995) ...............................................................11

<u>Nichols v. Prudential Ins. Co. of Am.</u>,
  406 F.3d 98 (2d Cir. 2005) ......................................................... 10 n.5

<u>Rappa v. Conn. Gen. Life Ins. Co.</u>,
  No. 06-CV-2285 CBA, 2007 WL 4373949 (E.D.N.Y. Dec. 11, 2007) ..............10

**Federal Cases (Continued):**

Ruttenberg v. U.S. Life Ins. Co.,
    413 F.3d 652 (7th Cir. 2005) ........................................................ 13 n.6

Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income
    Plan,
    85 F.3d 455 (9th Cir. 1996) ..................................................................11

Schadler v. Anthem Life Ins. Co.,
    No. CIV.A.3:95-CV-1044-D, 1999 WL 202568 (N.D. Tex. Apr. 1, 1999)........21

Solnin v. GE Grp. Life Assur. Co.,
    No. 03-CV-4857 DRH ARL, 2007 WL 923083
    (E.D.N.Y. Mar. 23, 2007) ...................................................... 11, 23 n.11

Stiers v. AK Steel Benefits Plans Admin. Comm.,
    No. 07-145, 2008 WL 1924252 (S.D. Ohio Apr. 29, 2008)..............................10

Thomas v. Cigna Grp. Ins.,
    No. 09-CV-5029 SLT RML, 2013 WL 635929 (E.D.N.Y. Feb. 20, 2013) ........21

Zervos v. Verizon New York, Inc.,
    277 F.3d 635 (2d Cir. 2002) ..................................................................17

**Federal Statutes:**

Employee Retirement Income Security Act of 1974 (Title I),
    29 U.S.C. § 1001 et seq.:

Section 404, 29 U.S.C. § 1104................................................................13

Section 404(a), 29 U.S.C. § 1104(a).......................................................19

Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)............................................ 10 n.5

Section 503, 29 U.S.C. § 1133............................................. 1, 13, 14, 17

Section 503(b), 29 U.S.C. § 1133(b) .......................................................8

**Federal Statutes (Continued):**

Section 504, 29 U.S.C. § 1134 ............................................................................1

Section 505, 29 U.S.C. § 1135 ............................................................................1

**Federal Regulations:**

29 C.F.R. § 2560.503 -1 (1999) ................................................................ passim

29 C.F.R. § 2560.503 -1 (2000) ....................................................................5 n.3

29 C.F.R. § 2560.503-1(a) (1999) .....................................................................8

29 C.F.R. § 2560.503-1(b) (1999) ...................................................................18

29 C.F.R. § 2560.503-1(b)(1)(iii) (1999) .........................................................18

29 C.F.R. § 2560.503-1(b)(3) (1999) ...............................................................19

29 C.F.R. § 2560.503-1(d) (1999) ...................................................................16

29 C.F.R. § 2560.503-1(e)(1) (1999) .................................................................9

29 C.F.R. § 2560.503-1(e)(3) (1999) .............................................................9, 17

29 C.F.R. § 2560.503-1(f)(3) (2000) ........................................................ 22 n.11

29 C.F.R. § 2560.503-1(g) (1999) ...................................................................17

29 C.F.R. § 2560.503-1(g)(1) (1999) .................................................................9

29 C.F.R. § 2560.503-1(g)(2) (1999) .................................................................9

29 C.F.R. § 2560.503-1(h) (1999) ......................................................... 7, 20, 22

29 C.F.R. § 2560.503-1(h)(1)(i) (1999) ..................................................... passim

**Federal Regulations  (Continued):**

29 C.F.R. § 2560.503-1(h)(2) (1999)..................................................................9

29 C.F.R. § 2560.503-1(h)(4) (1999)..............................................................9, 10

29 C.F.R. § 2590.715-2719(b)(2)(ii)(F) ............................................................15

**Miscellaneous:**

42 Fed. Reg. 27,436 (May 27, 1977) .................................................................19

65 Fed. Reg. 70,246 (Nov. 21, 2000)..............................................................5 n.3

65 Fed. Reg. 70,250 (Nov. 21, 2000)......................................................... 22 n.11

80 Fed. Reg. 72,018 (Nov. 18, 2015)......................................................... 15, 15.8

80 Fed. Reg. 72,027 (Nov. 18, 2015).................................................................15

## QUESTIONS PRESENTED

1.      Whether a claim for benefits under the Employee Retirement Income Security Act ("ERISA") that has been remanded by a court to the claims administrator generally should be treated as an initial claim or an appeal of a denied claim under the ERISA claims regulations.

2.      Whether the deadlines set forth in the ERISA claims regulations, 29 C.F.R. § 2560.503-1, apply when a court reverses a denial of benefits and sends the claim back to the administrator to reconsider a denied claim.

3.      Whether the deadlines begin to run from the date the applicable order is filed.

## STATEMENT OF INTEREST

The Secretary has primary enforcement and interpretive authority for Title I of ERISA, 29 U.S.C. §§ 1134, 1135.  The Secretary's interests include protecting beneficiaries, enforcing fiduciary standards, and ensuring the financial stability of employee benefit assets.

The Secretary has promulgated claims regulations, 29 C.F.R. § 2560.503-1, in accordance with ERISA section 503, 29 U.S.C. § 1133, to ensure, among other things, that a participant's claim for benefits will be decided in a timely manner. Although the text of the regulation does not expressly discuss remanded claims, in the Secretary's view, the broad language of the claims regulations encompasses all

claims, including those remanded by a court for further consideration by an

administrator.  An administrator should normally treat a remanded claim as an

appealed claim as of the date the order is filed, and must comply with the

applicable timing limits.  The district court's conclusion that the deadlines in the

ERISA claim regulations apply to remanded claims therefore was correct.

Defendant's failure to adhere to the time limits in the claims regulations when

deciding the remanded claim resulted in the claim being deemed denied.  A claim

that is deemed denied because the time limits have run is properly reviewed by a

district court under a de novo standard of review.  The opinion, if reversed, could

significantly undermine the Secretary's regulations governing benefit claims.  The

Secretary therefore has a strong interest in arguing that the district court's decision

was correct.

## STATEMENT OF THE CASE

Solnin was employed as an Assistant Manager for Reliance Federal Savings

Bank.  Special Appendix ("SA") 2.  After she suffered a back injury at work in

November 1998, she applied for long-term disability benefits in July 1999 under an

ERISA-covered welfare benefits plan ("Plan"), sponsored by Reliance and insured

by Sun Life and Health Insurance Company ("Sun Life"), which also decides

claims under the Plan.[1]   SA 2-3.  The Plan provides benefits for "Total Disability," which it defines as follows:

1.    During the Elimination Period and the following 24 months, you are unable to perform all the material and substantial duties of your regular occupation.

2.    After the Elimination Period and the following 24 months, you are unable to perform the duties of Any Occupation.

SA 3-4.

Sun Life approved Solnin's initial application for benefits in August 1999 under the "own occupation" standard.  SA 3.  In March 2002, however, Sun Life notified Solnin that she would need to submit additional medical information to continue receiving benefits under the Plan's "any occupation" provision.  SA 4. After Solnin submitted additional information, Sun Life denied her claim in May 2002 because it concluded, based on the opinion of its medical consultant and video surveillance it conducted, that Solnin could perform sedentary-light work. SA 7.

---

[1]   Defendants are GE Group Life Assurance Company and Phoenix Life Assurance Company.  The Plan was originally administered by Phoenix Life Assurance Company until April 2000, when GE Group Life Assurance Company acquired the group life and health operations of Phoenix Life Assurance Company.  GE Group Life Assurance Company later changed its name to Genworth, and is now known as Sun Life and Health Insurance Company (U.S.).  SA 52 n.1; Br. of Def.-Appellant & Special Appendix ("Appellant Brief") at 3 n.1.  For ease of reference, the Defendant-Appellant will be referred to as defendant or Sun Life.  See SA 52 n.1.

Solnin filed an administrative appeal, which was denied.  Id.  In September

2002, she filed suit for benefits in the Eastern District of New York.  Id.  On March

23, 2007, the district court issued an order concluding that Sun Life's denial of

Solnin's claim was arbitrary and capricious because Sun Life had considered only

Solnin's medical limitations, and not whether she was vocationally qualified to

obtain any employment.  SA 8-11.  The court remanded the matter to Sun Life,

instructing it to consider both Solnin's physical capability and her vocational

qualifications.  SA 10-11.  The court did not specify any timeline within which the

review must be completed.  Id.

On July 5, 2007, Solnin's counsel requested a copy of the administrative

record, expressed a belief that an independent medical examination would be

necessary, and proposed a schedule for the post-remand review:  60 days for

Solnin to submit additional evidence and 60 days for Sun Life to review.[2]  SA 11

n.8.  On July 27, 2007, Sun Life responded, requesting that Solnin produce various

documents (including a signed records release authorization form and tax records).

SA 12.  Sun Life also advised Solnin that rather than abiding by her proposed

---

[2]  The July 5, 2007 request by Solnin came 103 days after the court's order was
filed.  There is nothing in the record to suggest that Sun Life had started to
consider Solnin's claim during this period.  After hearing nothing from Sun Life,
Solnin requested the administrative record and proposed that she "be afforded 60
days" from receipt of the administrative record to submit additional medical and
vocational evidence, and that Defendant would then have 60 days to review "all
existing and new evidence," and issue a decision.  SA 12.

timeline, it was required (under what Sun Life thought were the governing claims regulations) to make a benefits determination within 105 days,[3] but that this 105-day limit would be tolled until Sun Life had received the additional information from Solnin that it had requested.  SA 12.  Sun Life additionally stated that it would determine whether an independent medical examination was necessary after it reviewed the requested documents.  Id.  Solnin responded with an extensive document request of her own, to which Sun Life replied (with some objections) in September 2007.  SA 12-13.  Plaintiff submitted additional medical evidence in support of her claim in early November 2007, the receipt of which Sun Life acknowledged later that month, along with a reminder that it would not be able to conduct its re-evaluation until it received the signed records release authorization form and other documents.  SA 14.

---

[3]  In the July 27, 2007 letter, the claims administrator explained that the group policy was subject to the requirements of ERISA, and that under ERISA a benefit determination must be made within 45 days, but that ERISA allows for two separate extensions of 30 days, for a total of 105 days.  SA 12.  The time limits cited by the claims administrator are found in the 2000 version of the Department's ERISA claim regulations.  See 65 Fed. Reg. 70,246 (Nov. 21, 2000); 29 C.F.R. § 2560.503 -1 (2000) (the "2000 version" of the regulations).  The district court clarified that the version of the regulations in effect in 1999, 42 Fed. Reg. 27,426 (May 27, 1977) (the "1999 version" of the regulations), applies to this case because Solnin originally filed her claim prior to the effective date of the 2000 regulations.  Under the 1999 version of the regulations, plans had 60 days to decide appealed claims, which could be extended to 120 days if there were special circumstances requiring an extension.  29 C.F.R. § 2560.503-1(h)(1)(i) (1999); see SA 24.

On January 8, 2008, Solnin submitted more materials, including the records release form, which her attorney significantly altered.  SA 14.  Solnin asserted that Sun Life did not have the right to demand a new independent medical examination and that, because she did not have any additional evidence to submit, Sun Life should therefore "begin the re-evaluation ordered by Judge Hurley immediately pursuant to the decision making deadlines found in the ERISA regulations."  SA 15.

On February 29, 2008, Solnin's counsel wrote to the claims administrator pointing out that 45 days had lapsed since Solnin's final submission of evidence and demanding a status report.  SA 15.  Sun Life responded the same day and – highlighting the altered records release authorization form – characterized Solnin's actions as an impermissible refusal to cooperate.  SA 15-16.  Solnin's counsel then sent an unaltered and executed medical release form to Sun Life on April 2, 2008. SA 16-17.  Sun Life, in turn, notified Solnin two days later that, after it independently obtained certain medical records, its medical consultant would conduct another review and she would then be requested to attend an independent medical examination.  SA 17.  Solnin responded by letter of April 23, 2008, contesting Sun Life's right to the independent medical examination, and pointing out that more than 100 days had elapsed since her final submission of documents on January 8, 2008.  SA 17-18.  On July 10, 2008, Solnin filed suit in the district

court, 475 days after the district court's order and 184 days after Solnin's January 8

request that Sun Life issue a decision.  See SA 18.

Sun Life moved for summary judgment arguing that the complaint should be

dismissed on account of Solnin's failure to exhaust administrative remedies

because it was not able to complete a post-remand review of Solnin's claim due to

her refusal to cooperate.  SA 2, 18-19, 21.  Solnin countered that, because Sun Life

had failed to render a decision on her claim for benefits within the timeframe set

forth in 29 C.F.R. § 2560.503–1(h), her claim was "deemed denied" as a matter of

law.  SA 21.  As a consequence of the deemed denial, Solnin argued that she was

not required to take any further action to exhaust her administrative remedies

before filing the Complaint, and that she was entitled to de novo review of her

claim by the district court.  Id.  Sun Life countered that the regulations apply only

to an appeal from an initial benefit denial, not to a benefit review conducted after a

court-ordered remand, so Solnin's case should be dismissed for failure to exhaust

the review process, and any review by a court should be based on an arbitrary and

capricious standard.  Id.

The district court held that the deadlines contained in the ERISA claims

regulations applied and that Sun Life failed to comply with them.[4]  SA 23-24.  In

---

[4]  The court concluded that because the original claim was filed in 1999, the pre-
2000 claims regulation, the 1999 version of the regulations, should apply.  SA 24.
The parties do not appear to be addressing this issue on appeal.  Accordingly, the

subsequent decisions, the court determined that equitable tolling of the deadlines was not applicable and de novo review was appropriate.  SA 30-33, 46-49.  Applying this standard, the court awarded Solnin benefits.  SA 76.  Sun Life timely appealed the case to the Second Circuit.

SUMMARY OF THE ARGUMENT

Section 503 of ERISA requires plans, "[i]n accordance with regulations of the Secretary" to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary."  29 U.S.C. § 1133(b).  This statutory requirement applies to all claims for benefits under ERISA plans.  Pursuant to ERISA section 503, the Secretary first promulgated regulations in 1977, 29 C.F.R. § 2560.503-1, which were amended in 2000.  Under the version of the regulations applicable in this case (the 1999 version), these regulations require every employee benefit plan to "establish and maintain reasonable claims procedures" by adhering to the claims processing requirements set forth in the regulation.  29 C.F.R. § 2560.503-1(a) (1999) ("[t]his section sets out certain <u>minimum</u> <u>requirements</u> for employee benefit plan procedures") (emphasis added).  These minimum requirements include specific

---

citations in this memo are to the 1999 version of the regulations, which were promulgated in 1977.  The relevant language, except with regard to equitable tolling and the actual time limits, is substantially similar to the 2000 version of the regulations, and the time limits as they apply to remanded claims continue to be an issue facing courts today.

deadlines to ensure that plans review and decide claims within a reasonable amount of time.  Thus, the 1999 version of the regulations requires that notice of an initial decision denying a claim in whole or in part must be furnished within "90 days after receipt of the claim," subject to one 90-day extension if notice is given to the claimant prior to the expiration of the initial 90-day period explaining "the special circumstances requiring an extension of time and the date by which the plan expects to render the final decision."  Id. § 2560.503-1(e)(1), (3).  These regulations also require that plans "establish and maintain a procedure by which a claimant or his duly authorized representative has a reasonable opportunity to appeal a denied claim to an appropriate named fiduciary," which may be the insurance company in the case of a plan where the benefits "are provided or administered by an insurance company."  Id. § 2560.503-1(g)(1), (2).  This decision on appeal "shall be made promptly, and shall not ordinarily be made later than 60 days after the plan's receipt of a request for review, unless special circumstances (such as the need to hold a hearing, if the plan procedure provides for a hearing) require an extension of time for processing, in which case a decision shall be rendered as soon as possible, but not later than 120 days after receipt of a request for review."  Id. § 2560.503-1(h)(1)(i).  To obtain such an extension, a "written notice of the extension must be furnished to the claimant prior to the commencement of the extension."  Id. § 2560.503-1(h)(1)(i), (2).  Finally, as

relevant here, the regulations provide that "[i]f the decision on review is not furnished" within the applicable time limits, the claim shall be deemed denied on review.[5] Id. § 2560.503-1(h)(4).

When a court reverses a denial of benefits and sends the claim back to the appropriate fiduciary for reconsideration, the claim should normally be treated as an appeal from an adverse benefit determination and decided in a reasonable amount of time under the time limits set out in the applicable ERISA claims regulations, beginning from the date the order is filed by the court.  Currently, different courts take varied approaches, highlighting the need for a clear and uniform standard.  Compare Stiers v. AK Steel Benefits Plans Admin. Comm., No. 07-145, 2008 WL 1924252, at *6 (S.D. Ohio Apr. 29, 2008) (remanding denial of disability benefits claim and ordering the administrator to "provide Plaintiff with a full and fair hearing on appeal, in accordance with 29 C.F.R. § 2560.503-1(h)(4) and the terms of this opinion") and Rappa v. Conn. Gen. Life Ins. Co., No. 06-CV-2285 CBA, 2007 WL 4373949, at *7 (E.D.N.Y. Dec. 11, 2007) (assuming, without explicit discussion, that the regulatory deadlines set forth in the 1999 version of 29 C.F.R. § 2560.503–1 applied to a claims administrator's post-remand review of a

---

[5]  The consequence of this deemed denial is that a claimant is deemed to have exhausted the plan's procedures and may then sue in district court for benefits under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and the court must then review the denied claim as a de novo matter without deferring to the claims administrator.  Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 109 (2d Cir. 2005).

denial of benefits) <u>with</u> <u>Saffle v. Sierra Pac. Power Co. Bargaining Unit Long</u>

<u>Term Disability Income Plan</u>, 85 F.3d 455, 461 (9th Cir. 1996) (ordering

administrator "to act within a reasonable period of time" on plaintiff's application

without addressing whether reasonableness is measured by the time limits in the

claims regulations) <u>and</u> <u>Solnin v. GE Grp. Life Assur. Co.</u>, No. 03-CV-4857 DRH

ARL, 2007 WL 923083, at *12 (E.D.N.Y. Mar. 23, 2007) (providing no guidance

as to the timing requirements upon remand).

Importantly, however, no court has suggested, as Sun Life appears to, that

no time limits are applicable if a reviewing court fails to expressly set time limits.

<u>See</u> Appellant Brief 18-20 (arguing that, although courts may specify deadlines,

the regulations do not apply on remand).  Indeed, the implication of Sun Life's

argument, which the district court correctly rejected, is that none of the

requirements of the regulations apply once a denial has been reversed by a court

and sent back to the claims administrator for further review.  <u>Id.</u> at 18-19 (the

claims "regulations do not apply to a remand after a claimant has already exhausted

her administrative remedies as in this case").  The need for a clear rule in this

regard is particularly important because it is very common for courts to send

claims back to the claims administrator when a court finds an administrator's denial

of benefits to be arbitrary and capricious.  <u>See</u> <u>Miller v United Welfare Fund</u>, 72

F.3d 1066, 1071 (2d Cir. 1995) (in the Second Circuit, the court must remand the claim to the administrator unless remand would be a "useless formality").

Sun Life further suggests that because other courts have specified different time limits, the time limits in the ERISA claim regulations do not apply.  Appellant Brief 20.  Notably, Sun Life has not cited any case in which the court set a deadline that fell outside the time limits in the ERISA claim regulations.  See Dimopoulou v. First Unum Life Ins. Co., No. 1:13-CV-7159, 2016 WL 612890, at *9 (S.D.N.Y. Jan. 26, 2016) (requiring the administrator make a decision in no more than fifty days); Hardt v. Reliance Standard Life Ins. Co., 540 F. Supp. 2d 656, 664 (E.D. Va. 2008) (requiring the administrator to act within thirty days), aff'd on other grounds, 560 U.S. 242 (2010).  Sun Life incorrectly relies on the Supreme Court's decision in Metropolitan Life Ins. Co. v. Glenn for the proposition that a court should always apply a deferential review to a claims administrator's decision when the plan includes a grant of discretion.  Appellants Brief 22 (relying on 554 U.S. 105 (2008)).  The Court's holding in Glenn considers the standard of review when the administrator has actually exercised the granted discretion and issued a decision.  Id.  Where the administrator fails to exercise discretion – indeed fails to issue any decision at all – there is nothing for the court to be deferential towards; when a claim is deemed denied as opposed to denied as an exercise of discretion, the court appropriately considers the claim de novo.

12

In addition to being a faithful reading of the statutory text and regulations, applying the claims regulations to remanded claims appropriately balances the competing interests of the parties.  Both the fiduciaries that administer plans and claimants benefit when there are clear time limits governing claims: claimants receive timely decisions and plans are able to ensure that their decisions are afforded deference (if they have been granted discretion by the Plan) upon review by a court.  On the other hand, it is untenable and inconsistent with both ERISA section 503 and the implementing claims regulations, as well as with ERISA's stringent fiduciary duties of prudence and loyalty set forth in section 404, 29 U.S.C. § 1104, to allow a plan fiduciary who has acted arbitrarily and capriciously in denying a claim the first time to then take as long as it wants to decide a remanded claim simply because the court did not set time limits.[6]  The Secretary's

---

[6]  Participants in employee benefit plans are generally required to exhaust administrative remedies under the plan before filing suit in federal court to recover benefits due under the terms of the plan.  See Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993) (noting the "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases," internal citations omitted).  Exhaustion is primarily a judicial construction, however.  Although requiring exhaustion of administrative remedies may generally advance efficient resolution of claims, as a judicially-created requirement, courts may appropriately waive the requirement when it does not serve its purpose or is no longer appropriate to delay a decision on the claim.  This exercise of the court's discretion is well-established; if a court determines that resorting to internal remedies would be futile or that a participant does not have meaningful access to a remedy, the court may excuse the participant from exhausting administrative remedies.  See Brown v. J.B. Hunt Transport Srvcs., Inc., 586 F.3d 1079 (8th Cir. 2009); Ruttenberg v. U.S. Life Ins. Co., 413 F.3d 652 (7th Cir. 2005).  Thus, even

interpretation that the requirements of the claims regulations fully apply to a remanded claim is entitled to controlling deference so long as it is not plainly erroneous or inconsistent with the regulation.  See Auer v. Robbins, 519 U.S. 452, 461 (1997) ("[b]ecause the salary basis test is a creature of the Secretary's own regulations, his interpretation of it is, under our jurisprudence, controlling unless plainly erroneous or inconsistent with the regulation") (internal quotations and citations omitted).

<u>ARGUMENT</u>

THE TIME LIMITS IN THE ERISA CLAIMS REGULATIONS APPLY TO A
REMANDED CLAIM, WHICH SHOULD NORMALLY BE CONSIDERED
A REQUEST FOR REVIEW OF A DENIED CLAIM AND SHOULD BE
CONSIDERED RECEIVED BY THE CLAIMS FIDUCIARY ON THE DATE
OF THE COURT ORDER

A.  <u>A Claim that has been Remanded by a Court Generally Should be Treated as
an Appeal of a Denied Claim under the ERISA Claims Regulations</u>

When a reviewing court reverses a denial of benefits and sends the claim back for further review, as occurred here, the claim ordinarily should be treated as an appeal from an initial denial of benefits, subject to "full and fair review" under section 503 and the regulations, rather than an initial claim for benefits.[7]  These

_____

if the claims regulations did not apply, the district court was well within its discretion in excusing Solnin from having to exhaust the plan's review procedures in light of Sun Life's failure to decide her claim in a timely manner.

[7]  There may be a more limited subset of cases where a claim would be considered newly filed on remand, such as when a court reverses a conclusion that a claimant did not meet applicable deadlines for filing her claim under the plan.  But in the

circumstances are similar to an administrative appeal because, as here, the court is not asking the claimant to submit a new claim or the plan to start over, but is asking for a limited scope review of a particular issue or issues – here, Solnin's vocational qualifications. <u>See</u> 29 C.F.R. § 2560.503-1(h)(1)(i) (1999) (describing time line on "receipt of request for review").

This position is consistent with the Secretary's recent proposed rulemaking regarding disability plans. In the preamble to this proposed rulemaking, the Secretary describes that the proposal contains a special safeguard for certain claims that are remanded to the plan for failure to exhaust administrative remedies, providing that the claim would "be considered as re-filed on appeal upon the plan's receipt of the decision of the court." 80 Fed. Reg. 72,014, 72,018, 72,027 (Nov. 18, 2015).[8] Language similar to the language in the proposal is in the regulations applicable to health plans that are not grandfathered under the Affordable Care Act. 29 C.F.R. § 2590.715-2719(b)(2)(ii)(F). While neither the current version of the claims regulation, not the 1999 version, spelled this out, treating a claim that a court has sent back to the claims administrator for further consideration of one or

---

ordinary run of cases, such as this one, the deadlines for an appeal from an initial denial should apply once the court has issued its order sending the case back to the claims administrator.

[8] The remand provision in the proposal would, if adopted in a final regulation, clarify that disability benefit claimants have access to a forum for their dispute if they have prematurely filed suit in court before exhausting their remedies; it does not specifically address the timing of claims. <u>See</u> 80 Fed. Reg. 72,014, 72,018 (Nov. 18, 2015).

more issues as a request for review of an initial denial is most consistent with the reality of what the court here, as in the great run of cases, actually ordered.  Thus, unless a court specifies otherwise, the claims administrator, upon remand from a court, should be required to treat the claim as a re-filed administrative appeal, and should comply with applicable time limits under the governing regulations, as we discuss next.

B.  <u>The Deadlines Set Forth in the ERISA Claims Regulations Apply When a Court Reverses a Denial of Benefits and Remands a Claim to an Administrator to Reconsider the Denied Claim</u>

By their terms, the claims regulations apply broadly to any request for a plan benefit by a participant.  <u>See</u> 29 C.F.R. § 2560.503-1(d).  Sun Life contends that the regulations apply only to initial claims and appealed claims, not to claims remanded by the court.  Appellant Brief 18-20.  There is nothing in the regulations, however, that so limits their applicability or otherwise excludes remanded claims from their purview.  The regulations define a claim broadly: for purposes of the regulations, a claim "is a request for a plan benefit by a participant or beneficiary." 29 C.F.R. § 2560.503-1(d) (1999).  Consideration of the claim by a court, and the court's subsequent decision to remand the claim to the claims administrator, do not change the claim into something exempt from the regulations.  The claim is still a claim, and it is still covered by the regulations, which, by their terms, set out the minimum requirements for a reasonable claims procedure.  <u>See</u> <u>id.</u>  At issue is

16

Solnin's request for disability benefits under the Plan; a request for a plan benefit by a participant, subject to the Secretary's regulation.

Sun Life's argument that the regulation and its time limits cease to apply if a court reverses a denial of benefits and remands a claim for further consideration is an inappropriately narrow reading of the regulatory language. In fact, the time limits governing review of both initial and appealed claims begin upon the administrator's receipt of the claim, or the request for review. 29 C.F.R. § 2560.503-1(e)(3) (1999) (providing 90 days to render a decision "after receipt of the claim" by the plan), (h)(1)(i) (providing 60 days to render a decision "after the plan's receipt of a request for review"). Accordingly, once the plan has received the claim, or, as in this case, a request to review the claim, the plan is required to make a decision within the applicable time limits. 29 C.F.R. § 2560.503-1(e)(3), (h)(1)(i) (1999).

Moreover, to satisfy its statutory responsibilities under ERISA, the administrator must provide the claimant with a reasonable opportunity for a full and fair review for all claims. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(g) (1999) (requiring "a full and fair review of the claim and its denial"); Hardt, 560 U.S. at 256 (remanded claim is entitled to the "statutorily mandated 'full and fair review' of [an ERISA] claim"); Firestone Tire & Rubber Co. v. Burch, 489 U.S. 101, 113 (1989); Zervos v. Verizon New York, Inc., 277 F.3d 635, 653 (2d Cir. 2002)

17

(remanding to the administrator for a "full and fair review").  It is immaterial whether the request comes directly from the participant or is an order from the court; an order from a court for "full and fair review" should trigger the claims regulations just as the initial request for review does.

The regulations also contain an anti-abuse rule.  Specifically, a plan's claims process will be reasonable only if it is "not administered in a way, which unduly inhibits or hampers the initiation or processing of plan claims."  29 C.F.R. § 2560.503-1(b)(1)(iii) (1999).  This anti-abuse language, which is part of the regulatory "[o]bligation to establish a reasonable claims procedure" applies to all claims; there is nothing in the operative text or preamble to suggest that remanded claims are subject to a lesser standard or may otherwise be administered in a way that hampers the process.  See id. § 2560.503-1(b) (imposing the requirements on "[e]very employee benefit plan").  Yet that is exactly what would follow from Sun Life's contention that it may decide the claim on remand without regard to the timing or other requirements of the regulations, Appellant Brief 18-19, which require, among other things, the named fiduciary to decide the claim within a reasonable amount of time, subject to the outer limits specified.  Halo v. Yale Health Plan, 819 F.3d 42, 52 (2d Cir. 2016) ("Congress entrusted the Department of Labor, not the courts, to issue a claims-procedure regulation that appropriately addresses ERISA's competing purposes"); 42 Fed. Reg. 27,426, 27,436 (May 27,

1977) ("It should be noted that a claims procedure which meets the minimum requirements set forth in this regulation nevertheless may be deemed not reasonable if it contains other provisions which unduly inhibit or hamper the initiation or processing of plan claims."); 29 C.F.R. § 2560.503-1(b)(3) (1999). The lack of an express discussion about remanded claims in the regulations does not except them from the regulations.

Furthermore, it is significant that claims administrators are fiduciaries, and that the benefit determination is a fiduciary act. Glenn, 554 U.S. at 111 (citing Firestone, 489 U.S. at 111-13). Accordingly, the administrator is required to act loyally and prudently in deciding claims, and must do so in a manner that is solely and exclusively for the benefit of the participants and beneficiaries and for the exclusive purpose of providing plan benefits and defraying reasonable plan expenses. 29 U.S.C. § 1104(a). See also Firestone, 489 U.S. at 109. This does not mean, of course, that every claim must be granted; but it does require administrators to have and adhere to a reasonable claims process that can accommodate all claims, including remanded claims. A reasonable claims process must provide claimants an answer in a reasonable amount of time, within the limits set forth in ERISA's claims regulations.

Indeed, Sun Life appears to have recognized this, at least as an initial matter, when it outlined its claims procedure in its letter to Solnin after the remand, stating

that it would provide a benefit determination within 105 days, in accordance with

what it thought were the applicable time limits in the ERISA claims regulations.[9]

<u>See</u> SA 24.

C. <u>The Deadlines Begin to Run From the Date the Court Files its Order
Requiring the Claims Administrator to Reconsider the Claim</u>

The deadlines in the claims regulations for deciding a remanded claim

normally should begin to run from the date of the court's order remanding the

claim.[10]  The language of the regulations support this, providing that: "[a] decision

by an appropriate named fiduciary shall be made promptly, and shall not ordinarily

by made later than 60 days <u>after</u> <u>the</u> <u>plan's</u> <u>receipt</u> <u>of</u> <u>a</u> <u>request</u> <u>for</u> <u>review</u>."  29

C.F.R. § 2560.503-1(h) (1999) (permitting 120 days if special circumstances

require an extension) (emphasis added).  Accordingly, once the plan has received a

---

[9]  Although this timing requirement is in the 2000 version of the regulations, rather than the 1999 version of the regulations, it is an implicit acknowledgement by the administrator that Solnin's remanded claim was still covered by ERISA's time limits, and that the court's review of the claim (and reversal of the denial of benefits) did not remove ERISA's protections.

[10]  Although time limits generally run from the date of the order, a court that believes the development of new evidence is necessary to decide a claim, including the development of new medical evidence, likely could order an administrator to decide a claim within a set amount of time after the receipt of new evidence.  <u>E.g.</u>, <u>Dimopoulou</u>, 2016 WL 612890, at *9 (S.D.N.Y. Jan. 26, 2016) (ordering the administrator to "reconsider and render its decision within 30 days of receipt" of plaintiff's new evidence).

request for review – regardless of whether the request was initiated by the claimant or the court – the time limits begin to run.

Starting the time limits from the date of the order requiring remand ensures that all parties have sufficient notice and that there is a clear, bright-line date from which to measure compliance, should it be questioned in the future.  It is also generally consistent with the existing case law; courts that have expressly addressed this issue in their orders most frequently require that the clock start running upon issuance of the order.  See, e.g., Thomas v. Cigna Grp. Ins., No. 09-CV-5029 SLT RML, 2013 WL 635929, at *2 (E.D.N.Y. Feb. 20, 2013) (ordering that the time began running from the date the order was entered into ECF because that was the date the administrator received "notification of the need to review plaintiff's claim"); Hardt, 540 F. Supp. 2d at 664 (instructing administrator to render a decision within thirty days from the date the Order was issued); Schadler v. Anthem Life Ins. Co., No. CIV.A.3:95-CV-1044-D, 1999 WL 202568, at *2 (N.D. Tex. Apr. 1, 1999) (time began to run from the date the opinion was filed); Caldwell v. Life Ins. Co. of N. Am., 959 F. Supp. 1361, 1369 (D. Kan. 1997) (requiring a written decision within sixty days from the date of the Order). Because all parties to a suit are notified when the court files a remand order, this date is naturally viewed as the date of the plan's "receipt of a request for review." 29 C.F.R. § 2560.503-1(h)(1)(i) (1999).

In the instant case, the court issued its decision remanding the claim to the administrator on March 23, 2007, at which point the administrator was in receipt of a request for review of the claim.  Accordingly, the 60-day deadline ended on May 22, 2007.  Had Sun Life notified Solnin before this date of special circumstances, the deadline could have been extended to July 21, 2007, 120 days after receipt of a request for review.  29 C.F.R. § 2560.503-1(h) (1999).  Even if equitable tolling did apply, as Sun Life claims during the period in which Sun Life sought to obtain additional medical and earnings evidence, Solnin clearly and expressly requested a decision based on the evidence in the administrator's possession on January 8, 2008.  SA 15.[11]  Nevertheless, Solnin had yet to receive a decision on July 10,

_____

[11]  The 2000 version of the regulations allow up to two 30-day extensions "if necessary due to matters beyond the control of the plan," including "to afford the claimant at least 45 days to provide" additional information needed to decide the claim.  29 C.F.R. § 2560.503-1(f)(3) (2000).  The preamble to this version of the regulations states that "if the reason for taking the extension is the failure of a claimant to provide necessary information, the time period for making the determination is tolled from the date on which notice of the necessary information is sent to the claimant until the date on which the claimant responds to the notice." 65 Fed. Reg. 70,246, 70,250 (Nov. 21, 2000) (emphasis added).  Thus, even if tolling under the current regulations were applicable to Solnin's pre-2000 claim, once Solnin made it clear that she had no additional information (or that she was unwilling to provide the additional information Sun Life sought), the clock began to run again and Sun Life was required to issue a decision.  Moreover, it is not clear that Sun Life was authorized by the remand order to require Solnin to produce additional evidence (or submit to another examination).  The court did not authorize Sun Life to develop further evidence or order Solnin to do so, but instead ordered Sun Life "to look at any additional materials submitted by Plaintiff in support of her claim" in considering "both whether Plaintiff is physically capable of obtaining employment from which she may earn a reasonably substantial

2008, when she filed suit 184 days later.   This failure to decide the claim was unreasonable under the requirements of ERISA and the claims regulations.  The district court therefore correctly held that the claim was "deemed denied," and that, consequently, Solnin had no further obligation to exhaust the plan's claims procedure, and the denial of benefits was subject to de novo review.

---

income and whether she is vocationally qualified to obtain such employment." Solnin, 2007 WL 923083, at *12.

<u>CONCLUSION</u>

For the foregoing reasons, the Secretary respectfully requests that the Court affirm the decision of the district court.

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

G. WILLIAM SCOTT
Associate Solicitor
Plan Benefits Security Division

ELIZABETH HOPKINS
Counsel for Appellate and Special
Litigation


_____/s/ Eirik Cheverud_____
Eirik Cheverud
Attorney
Megan Hansen
Attorney
Navin Jani
Attorney
U.S. Department of Labor
Room N-4611
200 Constitution Ave., N.W.,
Washington, DC 20210
(202) 693-5627

<u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

**FOR CASE NO. 15-3921**

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    This brief contains 6025 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010, Times New Roman, 14 point font.

<u>/s/     Eirik Cheverud</u>
Attorney for the U.S. Department of Labor, Plan Benefits Security Division
Dated:  June 9, 2016

<u>CERTIFICATE OF VIRUS CHECK</u>

I hereby certify that a virus check, using McAfee Security VirusScan Enterprise 8.0, was performed on the PDF file and paper version of this brief, and no viruses were found.

<u>/s/     Eirik Cheverud</u>
Attorney for the U.S. Department of Labor, Plan Benefits Security Division
Dated:  June 9, 2016

25

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2016, I electronically filed the foregoing and all attachments with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system.

I certify that all the participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Eirik Cheverud

Eirik Cheverud
Attorney
Megan Hansen
Attorney
Navin Jani
Attorney
Plan Benefits Security Division
U.S. Department of Labor
Room N-4611
200 Constitution Avenue, N.W.
Washington DC, 20210
(202) 693-5627 – Phone
(202) 693-5610 – Fax
hansen.megan.d@dol.gov

26