UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Haley Spears** | Civil No. 3:11-cv-01807 (VLB) |
|     Plaintiff | |
| v. | |
| | |
| **Liberty Life Assurance Company of Boston;** | October 29, 2019 |
| **United Technologies Corporation; The** | |
| **Group Life Insurance and Disability Plan** | |
| **Of United Technologies Corporation** | |
| **aka The UTC Choice Integrated Disability Benefit** | |
| **Program;** | |
| | |
|   **Defendants** | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR FEES AND COSTS**

**I) BACKGROUND**

Plaintiff Haley Spears submits this memorandum of law in support of her motion for attorney fees and costs pursuant to 29 U.S.C. §1132(g)(1). Plaintiff seeks fees for work done in Federal Court, and for the time after the remand prior to the reinstatement of the action in Federal Court. All the work led to the success of plaintiff in achieving a summary judgment in her favor.

The 2019 ruling found repeated violations of the claim procedure regulations and violations of the 2015 remand order. Additionally, "[e]specially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes" *Millea v. Metro-North R. Co.*, 658 F. 3d 154 (2d Cir. 2011). On September 30, 2019, the court granted summary judgment in favor of Spears, holding, inter alia, that the de novo standard of review applies due to Liberty's violation of the claim regulation, that ERISA and its deadlines applied to this case

1

on remand, substantial weight should be given to Liberty's inherent conflict, Liberty violated ERISA deadlines, Liberty's peer review was fatally flawed and did not provide substantial evidence in support of Liberty's decision on remand, Liberty's IME did not provide substantial evidence supporting its denial, and that Spears was disabled within the meaning of the Plan.

In *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010), the Supreme Court determined that a remand order, following a substantive determination on the merits that the insurer of an ERISA-governed employee welfare benefit plan had engaged in arbitrary and capricious decision-making, constitutes "some degree of success on the merits," justifying an award of attorneys' fees. Application of this circuit's five-factor *Chambless* test further supports an award of attorneys' fees because, inter alia, defendant Liberty Life Assurance Company ("Liberty") can satisfy the award; Liberty's claim handling practices in this case reflect culpable conduct (if not bad faith); an award of fees would serve to deter Liberty and other insurers from violating their fiduciary duties and denying "full and fair review" during ERISA's mandatory internal appeal process; and the court's remand order of March 31, 2015 recognized the relative merits of plaintiff Haley Spears' claim that Liberty abrogated her rights under ERISA.

On March 31, 2015 this court determined that Liberty's decision to deny benefits was rendered arbitrarily and capriciously. The court agreed with Spears that a number of serious "decision-making deficiencies" occurred in the course of Liberty's review of Spears' claim. The court stated that those deficiencies should be given some weight when deciding whether Liberty's inherent conflict

of interest, in both paying out LTD benefits and determining benefit eligibility impacted its decision. The court remanded Spears' claim to the administrator in part because "each and every peer review report upon which Liberty relied to deny STD and LTD benefits suffered from numerous and serious flaws, which render[ed] them insufficient to supply the substantial evidence necessary to support Liberty's denial decisions." Dkt. 103. The court was also "deeply disturbed by the pervasive errors underlying Liberty's review of her claim." *Id.* The court remanded this case back to Liberty with several instructions, in light of the deeply flawed and inadequate series of reviews Liberty performed on Spears' claim. *Id.* This court ruled that a request for attorney fees at that time was premature. Dkt. 103 at 81.

## II) LAW AND ANALYSIS

### a. ERISA Authorizes An Award Of Attorneys' Fees Where A Claimant Has Had "Some Success On The Merits" And The Award Encourages Beneficiaries To Enforce Their Statutory Rights

ERISA contains a fee-shifting provision that authorizes an award of attorneys' fees: "the court in its discretion may allow a reasonable attorney's fee and costs . . . to either party." 29 U.S.C. §1132(g)(1). The Second Circuit has observed that "ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating' employee benefits rights." *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009) (long term disability benefits) (quoting *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 872 (2d. Cir. 1987) (retirement benefits).

The question for the court in a claim for attorney fees under ERISA is whether a plaintiff has obtained "some degree of success on the merits." *Hardt*, 560 U.S. at 254-55. *See also, Donachie v. Liberty Life Assur. Co.*, 745 F.3d 41, 46 (2d Cir. 2014) ("After *Hardt*, whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court must consider in exercising its discretion").

Once it has determined that the plaintiff has had some degree of success on the merits, a district court may award attorneys' fees "without further inquiry." *Donachie, supra. See also, Hardt*, 560 U.S. at 255. Courts retain discretion to consider five additional factors in deciding whether to award attorney fees. *Donachie, supra*. Although a district court may not solely rely on the *Chambless* five-factor test to determine whether a claimant has achieved some success on the merits, it is permitted to use that test to further "channel" its discretion in assessing whether or not to award attorneys' fees. *Hardt*, 560 U.S. at 255 n. 8 ("We do not foreclose the possibility that once a claimant has satisfied this requirement [of some success on the merits], and thus becomes eligible for a fees award ..., a court may consider the five factors ... in deciding whether to award attorney's fees"). *See also, Donachie, supra.*

Once it has determined that attorneys' fees will be awarded, the court next must determine the "reasonable" amount of the fee award. "[T]he lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea v. Metro-North Railroad*, 658 F.3d 154, 166 (2d Cir. 2011).

4

The presumptively reasonable lodestar does not become unreasonable, or require further reduction, because a plaintiff fails to win sizeable damages. The *Millea* court, in the context of FMLA, ruled that such a reduction by the district court was "impermissible," since "[b]y enacting a fee-shifting provision for FMLA claims, Congress has already made the policy determination that FMLA claims serve an important public purpose disproportionate to their cash value." This is especially for claims where the financial recovery is likely to be small. *Millea*, 658 F.3d at 167, 169.

Finally, "The court must, however, articulate reasons for its decision to grant or deny fees. When the district court does not do so, we will remand for appropriate and informative findings." *Connors v. Connecticut General Life Ins. Co.*, 272 F.3d 127, 137 (2d Cir. 2001). *See also, Levitian v. Sun Life and Health Ins. Co.*, 486 Fed. Appx. 136, 141 (2d Cir. 2012)(summary order) ("[T]he District Court should explain in writing the basis for its decision").

b. <u>Spears Achieved More Than "Some Degree Of Success On The Merits"</u>

Both the 2019 judgment on the merits and the 2015 remand judgment justify an award of fees. A remand to a plan administrator is sufficient success on the merits to establish eligibility for attorney fees under §1132(g)(1). *Schuman v. Aetna Life Ins. Co.*, 3:15-cv-01006 (D. Conn. June 20, 2017) (SRU); *Gross v. Sun Life Assurance Co.*, 763 F.3d 73, 77-78 (1st Cir. 2014) (citing, e.g., *McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537, 546-47 (6th Cir. 2011); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 963 F. Supp. 2d 950, 962-63 (N.D. Cal. 2013); *McCarthy v. Commerce Grp.*, 831 F. Supp. 2d 459, 463, 493 (D.

5

Mass. 2011); *see also, Dwinnell v. Federal Express Long Term Disability Plan*, 3:14-cv-01439 (D. Conn. April 14, 2017), ("[S]ome kinds of remands might be for highly technical or clerical reasons," but a remand "essential to a full and fair consideration of plaintiff's claim . . . is sufficient to constitute `some success on the merits.'"); *Dimopoulou*, 2017 WL 464430, at *1 ("Courts in the Second Circuit have awarded fees . . . in ERISA actions based solely on achieving a remand for further consideration by the administrative body.") (collecting cases); *Valentine, Aetna Life Ins. Co.*, 2016 WL 4544036 (E.D.N.Y. Aug. 31, 2016)("[M]any courts have concluded that remand . . . without more, constitutes success on the merits.") (collecting cases); *Benjamin v. Oxford Health Insurance, Inc.*, 3:16-cv-00408 (D. Conn July 19, 2018) (CSH); *Johnson v. Guardian Life Insurance Company of America*, 3:16-cv-1141 (D. Conn Sept. 26, 2018) (MPS) (remand simpliciter sufficient to qualify as some degree of success on the merits.)

Here, although not required, Spears received more than a remand simpliciter in 2015. This court remanded the case with several instructions in light of the deeply flawed and inadequate series of reviews. Dkt. 103 at 78- 80.

The 2019 summary judgment ruling on the merits was more than "some success on the merits;" it was complete success on the merits. Spears alleged she was disabled and should not have been terminated from her insurance benefits. The court agreed. This was the central issue in this case. It does not matter that plaintiff did not prevail on every contention or every motion. Spears achieved excellent results and excellent results merits a full fee. *Hensley v. Eckerhart*, 461 U. S. 424 (1983). The issue in *Hensley* was whether a partially

prevailing plaintiff may recover an attorney's fee for legal services on unsuccessful claims. The answer was yes. The Supreme Court decided that a district court should focus on the overall relief obtained in relation to the hours expended. Litigants could pursue alternative legal grounds to achieve the desired outcome, and the trial court should not reduce a fee because of a litigant's failure to prevail on every issue. The critical factor is the extent of success.

c. The *Chambless* Factors Favor An Award Of Attorneys' Fees

Although a court may, without further inquiry, award attorneys' fees to a plaintiff who has had "some degree of success on the merits," *Hardt* also made clear that courts retain discretion to "consider[] five [additional] factors ... in deciding whether to award attorney's fees." *Id.* at 255 n. 8, 130 S.Ct. 2149; *accord Scarangella v. Grp. Health, Inc.,* 731 F.3d 146, 152 (2d Cir. 2013) ("*Hardt* also permitted the use of the five-factor tests adopted by most Circuit[s]... to channel discretion in awarding reasonable fees to eligible parties, but held that courts were not required to use them."). Those five factors, known in this Circuit as the "*Chambless* factors" are:

(1) the degree of opposing parties' culpability or bad faith;

(2) ability of opposing parties to satisfy an award of attorneys' fees;

(3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

(5) the relative merits of the parties' positions.

> i. Liberty's Actions Show Culpability and/or Bad Faith

*Dwinnell v. Federal Express Long Term Disability Plan, supra,* held that persistence in fighting a meritorious claim which unnecessarily prolongs federal court proceedings is considered when deciding the degree of culpability. Here, Liberty denied Spears benefits since 2009. It has maintained its denials in spite of a strongly worded ruling in 2015 criticizing its actions. It spent over $38,000 for a peer review company to write a conclusory opinion that supported its position. In the meantime, Spears was forced to apply for state welfare benefits. R. 458 – 461, Dkt. 103, n.16. *Johnson v. Guardian Life Insurance Company of America*, 3:16-cv-1141 (D. Conn. Sept. 26, 2018) (MPS), held that the court need not find that the insurance company acted in bad faith in order to establish culpability. Here, failure to conduct a full and fair review twice, a finding that a conflict of interest may have impacted the insurance company's decision to terminate benefits, the lack of any written procedures regarding remands, the failure to modify its procedures following the remand, the failure to acknowledge that ERISA deadlines apply to an ERISA case and the wholesale disregard of this court's 2015 remand order are more than sufficient to establish culpability.

When remanding this case in 2015, the court commented that Liberty's decision to deny Spears' claim was influenced by its conflict of interest in both deciding the claim and being the party who pays benefits if Spears' was found to be disabled. The court was deeply disturbed by the pervasive errors underlying Liberty's review of her claim and described the reviews as inadequate. Liberty sent Spears' claim to Dr. Potts for an evaluation. Dr. Potts provided an original favorable opinion, which supported Spears' claim of disability. Dkt. 103 at 62.

8

**Liberty then sent Spears' claim to Dr. Taiwo for an evaluation. Liberty never sufficiently explained why it dropped Dr. Potts and then contacted other reviewers. This results in an inference that Liberty contacted doctors searching for an opinion which would support a denial of benefits.**

**Furthermore, the court found that Liberty was less than forthcoming with Spears during the pendency of her claim. The court found that, "Liberty gave Spears the false impression that Dr. Taiwo reviewed her records and considered whether or not she was disabled 'during the period of February 9, 2009 through [May 2009],' when in reality, Dr. Taiwo opined on, at most, a three-day period within the Elimination Period." Dkt. 103 at 57.**

**Even on remand, while this court had jurisdiction, Liberty continued to miss deadlines and failed to make timely decisions. Liberty violated this court's 2015 order, ignored the instructions it was given, denied that ERISA requirements applied to this ERISA case (while at the same time claiming that the ERISA deferential arbitrary and capricious standard of review applied) and proceeded to engage in the same conduct that it did prior to the remand.**

ii. <u>**Liberty Is Able To Satisfy An Award Of Attorneys' Fees**</u>

There can be little doubt that the second factor also favors an award of fees. Here, Liberty admitted the ability to satisfy an award in its answer of June 22, 2018, dkt. 132, ¶ 39.

iii. <u>**Awarding Attorney Fees Against Liberty Would Deter Other Insurers Acting Under Similar Circumstances**</u>

An award of attorneys' fees would "deter other employers from similarly denying an applicant a fair consideration of his or her claim." *Sansevera v. E.I.*

*Dupont de Nemours & Co., Inc.,* 859 F. Supp. 106, 117 (S.D.N.Y. 1994). *See also, Paese v. Hartford Life Accident Ins. Co.*, 449 F.3d 435, 450 (2d Cir. 2006). Deterrence of similar behavior by others is an appropriate factor to consider. *Hardt v. Reliance, supra,* n. 1. An award of attorneys' fees likely would incentivize Liberty to create ERISA compliant procedures to avoid violating the claim regulation in the future. As discussed in Spears' summary judgment motion, the 2015 remand was not enough to deter Liberty from violating ERISA regulations again and relying on deficient peer review reports again. The court ordered Liberty to conduct a full and fair review on remand and comply with ERISA claim procedure regulations. Even on remand, Liberty admitted it did not revise its claim procedures to comply with the requirements set forth in 29 C.F.R. § 2560.503-1. See principal brief at 12 and Ex. A, response to interrogatory #8.

Liberty's actions have fallen well below the legal standard that ERISA requires and an award of fees will help deter future similar conduct.

> iv. **Spears Sought To Benefit All Participants And Beneficiaries Of Her ERISA Plan And The 2015 and 2019 Decisions Resolved An Important Legal Issue**

This court stated that Liberty must take much greater care in posing relevant questions to its peer reviewers and ensuring that the responses they receive are both consistent with the terms of the Plan and are responsive to the questions asked. No longer can Liberty pose irrelevant questions to peer reviewers and assume the court will not notice. Spears sought to have her own disability determination overturned by challenging Liberty's decision making process. On remand, Spears, through interrogatories, asked if Liberty had made

any changes to its procedures in handling long term disability claims. Liberty responded that it had not. Had Liberty complied with this court's remand order in 2015 then all participants who had LTD plans with Liberty would have benefited from a claim handling procedure that complied with ERISA guidelines and provided participants with an opportunity for a full and fair review. An award of fees by this court may lead Liberty to review its claim handling procedures, especially its procedures regarding peer review opinions and processing claims after remand. Additionally, failure to satisfy the [fourth] Chambless factor does not preclude an award of attorneys' fees. *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 299 (2d Cir. 2004).

### v. Spears' Claim Was Meritorious

The fifth factor, the relative merits of the parties' claims, has been resolved with the Court's September 30, 2019, ruling.

### vi. Other Factors Weigh In Spears' Favor

Other factors that can be considered include, (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client;

and (12) awards in similar cases. *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989). These factors militate in favor of a fee award:

(1) The time and labor required. Here, the time and labor involved was extensive. Two rounds of summary judgment motions were required prior to the remand. A third was required after the remand. The Record was voluminous, even prior to the remand. The Record is over 5,000 pages. This file fills several bankers' boxes. Liberty has delayed payng this claim for ten years. *See also Hernandez v. Berlin Newington Associates,* 2018,WL 3599735 (Vanessa L. Bryant U.S.D.J.)(delay enhancement may be awarded).

(2) The legal questions presented were difficult. Any ERISA plaintiff has a high burden to overcome. The standard of review was a novel issue, in light of *Halo v. Yale Health Plan,* 819 F.3d 42 (2d Cir. 2016), which was pending in the courts at the time of the 2015 remand. There was a great deal of uncertainty regarding the state of the law, especially as regards the standard of review and equitable remedies. Issues involving equitable relief were presented by *Amara v. CIGNA*, 131 S.Ct. 1866 (2011), which also involved novel and difficult questions of law. ERISA cases are litigated in Federal court, rather than state court, which adds to the difficulty of the case. The application of ERISA to remanded cases is infrequently litigated.

The factual questions were difficult. Spears was sick with a chronic multi-system illness for several years. She saw numerous doctors looking for answers. Some doctors diagnosed Lyme Disease; others did not. Lyme Disease is a challenging disease to understand. Representing Spears meant learning about

**Lyme Disease and about the medical tests involved. It meant communicating with numerous treating physicians. Liberty sought to turn this claim into an issue of whether Spears had Lyme Disease. That was never the issue; the issue was always whether Spears was disabled under the terms of the plan, regardless of the cause. The adequacy of peer review reports is a question which is not often presented to a court.**

**(3)     The skill requisite to perform the legal service properly.  ERISA is an area of law which has been in a state of flux and has seen numerous case law developments in the last few years. A great deal of skill is required to keep up with changing case law and to draft numerous briefs on novel legal questions.** *Halo* **was decided a few days after plaintiff filed a new Complaint after the remand; plaintiff then drafted a revised Complaint after** *Halo* **was published and served the revised complaint which complied with the requirements of** *Halo.* **The Liberty claims file was compared to the ERISA regulations when drafting the pre-remand and post-remand summary judgment motions. A detailed analysis of deficiencies in Liberty's claim review procedures was part of the Spears' briefs.**

**(4)     The preclusion of other employment by the attorney due to acceptance of the case. A case of this magnitude handled by a small law firm requires turning down other work. Other claims were turned down by the undersigned due to the work required by this case. The undersigned was a sole practitioner during much of the time this case was litigated. When briefing deadlines were imminent, the majority of undersigned's time was spent on this case. A case of this size is a burden on a small firm.**

(5) The customary fee. The undersigned does not believe that there is a customary fee for ERISA LTD cases. Very few attorneys will take these cases due to the difficulty in prevailing, the time involved, and the delays in receiving any kind of a fee. Undersigned has yet to receive any fee for the federal court work.

(6) Whether the fee is fixed or contingent. Spears' counsel entered into a contingency fee agreement, which means that there has been no fee obtained for years of work. There is a risk of a zero fee on an ERISA LTD contingency fee case.

(7) Time limitations imposed by the client or the circumstances. There have been numerous deadlines for briefing as required by the court.

(8) The amount involved and the results obtained. The results obtained were excellent. Spears achieved the requested relief. The amount of monthly benefits involved is modest as Spears was not a high wage earner and she was able to return to work. One purpose of an award of attorney fees in ERISA is to encourage attorneys to take cases where the monthly LTD benefits are low. The strongly worded remand order should have led to internal changes being made by Liberty's claim adjusters. The 2019 order may lead to the change which should have occurred in 2015. Although Liberty did not make any systemic changes after the remand, plaintiff hopes that may still happen.

(9) The experience, reputation and ability of the attorneys. See Declarations attached to this motion.

(10) The "undesirability" of the case. ERISA LTD cases in general are undesirable. Claimants are not working and generally do not have funds for

expert witnesses or other costs. They are litigated in Federal court, which requires far greater time than state court. Other claims, such as CUTPA, cannot be joined. A "win" often means a remand, which means that the case may proceed for years without a resolution. Few, if any, ERISA plaintiffs can afford a fee other than a contingency fee. The *Spears* case, in particular, was undesirable. Spears was not a high earner, and so her monthly benefits were not high. She recovered from her illness and went back to work, which also reduces possible retroactive benefits. This created a closed period with a sum certain as opposed to an open period where benefits would have been paid until age of 65. Cases involving a Lyme disease diagnosis are treated with suspicion by insurers. They are often not taken seriously.

(11) The nature and length of the professional relationship with the client. The undersigned has represented plaintiff since March, 2010.

(12) Awards in similar cases. Substantial fees have been awarded to plaintiffs who achieved a remand in ERISA cases, let alone a summary judgment on the merits. The district court in Connecticut has approved a rate of $425.00 per hour for a partner and $375.00 for a senior associate. *Benjamin v. Oxford Health Ins. Inc.* 355 F. Supp. 3d 131 (D. Conn. 2019). In *Dimopoulou v. First Unum Life Ins. Co.*, 1:13-cv-7159(ALC)(S.D.N.Y. 2017), a plaintiff achieved a remand in an ERISA claim. The court found that this was some success on the merits and declined to consider the *Chambless* factors. The court found that reasonable hourly rates were $660 per hour for a partner and $570 per hour for a senior attorney, $450 per hour for a senior associate and $300 per hour for a lead

15

associate for 2015. The court awarded $223,361 in fees. *Nagy v. Group Long Term Disability Plan*, 739 Fed. Appx. 366 (9th Cir. 2018) ($500/hour is a reasonable fee). Counsel in the present case are requesting hourly rates which are lower than the above rates.

d. <u>The Requested Hourly Rates Are Reasonable</u>

The relevant rate is that charged in the relevant market for the types of services provided in the case, which in this case would be the hourly rate charged in Connecticut in ERISA denial of benefits cases. *Fairbaugh v. Life Ins. Co. of N. Am.,* 872 F. Supp. 2d 174, 188 (D. Conn. 2012). See ex. A, declaration of Winona Zimberlin, ex. B, declaration of Russell Zimberlin and ex. D, declaration of Rocquel Cigal.

Attached as Ex. C is an affidavit of Attorney David Rintoul, experienced ERISA benefits counsel. Attorney Rintoul states that he charges an hourly rate of $425.00, and he states that the $400.00 hourly rate for Winona Zimberlin and the $250.00 hourly rate for Russell Zimberlin is commensurate with (if not lower than) the prevailing market rates for services by attorneys with reasonably comparable skill, experience and reputation. *See also Gross v. Sun Life Assurance Co. of Can.,* 105 F. Supp. 3d 130 (D.Mass.2015)($500 per hour for attorney admitted in 1985), *aff'd in part, vacated in part, remanded, Gross v. Sun Life Assur. Co. of Canada,* 880 F.3d 1 (1st Cir. 2018)( $500.00 rate upheld); *Tedesco v. IBEW Local 1249, No. 7:2014 cv 03367( SDNY 2019).* ($495.00 per hour is reasonable, cites *Demonchaux v. Unitedhealthcare Oxford,* No. 10-CV-4491, 2014 WL 1273772, at *7 (S.D.N.Y. Mar. 27, 2014 with approval, allowing $500.00 per hour). Additionally,

**Plaintiff can be awarded fees for the paralegal work performed in connection with the administrative appeal.** *Benson v. Cont'l Cas. Co.*, 592 F. Supp. 2d 1274, 1281 (C.D. Cal. 2009).

**Attorney Russell Zimberlin's work on this case prior to his admission to the bar are billed at the law clerk rate, $115.00 per hour.**

**e. <u>Fees And Costs During The Post Remand Administrative Proceeding Are Compensable Under ERISA's Fee Shifting Statute</u>**

*Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 122 (2d Cir. 2002), held that fees for the time post-remand are allowable as they are ancillary to the initial action in district court. Here, Judge Bryant reopened *Spears I* on September 20, 2017. See also order of August 21, 2017 in 3:16-cv-00572. The Second Circuit in *Peterson* held,

> "[T]he text and legislative history indicate that once a court of law has assumed jurisdiction over a suit, all costs incurred may be shifted by a court to one party. The fact that a court orders additional fact finding or proceedings to occur at the administrative level does not alter the fact that those proceedings are part of the 'action' as defined by ERISA. Where the administrative proceedings are ordered by the district court and where that court retains jurisdiction over the action during the pendency of the administrative proceedings, we hold that ERISA authorizes the award of associated costs."

The Second Circuit noted that cases interpreting other fee-shifting statutes supported its conclusions. For example, in *Hudson*, the Supreme Court held that the Equal Access to Justice Act ("EAJA") authorized a court to award fees incurred during an administrative remand. 490 U.S. at 892, 109 S.Ct. 2248. As described by the Court itself, '*Hudson* thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and

17

contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level.' *Melkonyan v. Sullivan*, 501 U.S. 89, 97, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). "Similarly, in *Delaware Valley,* the Court affirmed the award of fees and costs that were incurred during administrative proceedings conducted pursuant to a court-approved settlement plan. 478 U.S. at 561, 106 S.Ct. 3088; see also *Johnson v. United States*, 554 F.2d 632, 633 (4th Cir.1977) ('We conclude that the district court properly took into consideration the attorney's services in the agency proceeding. In a sense, this remanded administrative proceeding was ancillary to [the plaintiff's] initial action in the district court.')." *Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 122 (2d Cir. 2002).

    f.  **The Hours Expended by Spears' Attorneys Are Reasonable**

    This has been a case with a voluminous administrative record, complicated by numerous procedural errors committed by defendants. Two sets of summary judgment motions were filed in the case prior to the remand order, and one set after remand.  Defendants filed motions to dismiss which required several briefs. The motions to dismiss involved complicated issues of equitable remedies post *CIGNA Corp. v. Amara,* 563 U.S. 421 (2011). Liberty has gone through extraordinary measures in an attempt to justify its termination of benefits over the course of nearly a decade. Briefing the chronology of events required a careful review of the documents in the record. Written discovery was necessary to obtain complete documents. This case required evaluating numerous medical opinions. Retaining a vocational expert was necessary to explain the deficiencies in

defendant's denial letters. Communication with Haley Spears was frequent and necessary. Lengthy briefs were necessary. The Rule 56 statements required a detailed and time-consuming page by page review of the administrative record. Time sheets are attached as ex. E, F and G. Certain descriptions of communications with Spears have been redacted due to attorney client privilege.

Plaintiff's attorneys exercised billing judgment. Counsel billed 50% of the time spent reviewing each other's work. Only one attorney billed for co-counsel communications. Administrative tasks were not billed by attorneys.

The hours expended were necessary to secure the result which was obtained. The time billed does not include time expended during the administrative appeals process prior to the 2011 civil action. It includes time for the preparation of this claim for attorney fees. Plaintiff reserves the right to file a supplemental fee request if additional work is required.

 Winona Zimberlin 1,031.94 hours @ $400.00 = $412,776.00

 Russell Zimberlin  58.85  hours @ $250.00  = $14,712.50

 Russell Zimberlin, law clerk, 50.6 hours  @ $115.00 = $5,819.00

 Rocquel Cigal paralegal  19.51 hours @ $115.00 = $2,243.65

 Total fees: $435,551.15

g.  Costs

It is well-established that counsel are entitled to the reimbursement of "reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients," provided they are "incidental and necessary to the representation." *Reichman v. Bonsignore, Brignati & Mazzotta*

*P.C.,* 818 F.2d 278, 283 (2d Cir. 1987); *Evans v. Books-a-Million*, 762 F. 3d 1288 (11th Cir. 2014); *Amara v. CIGNA*, Civ. No. 3:01-cv-2361 (D. D.Conn. Nov. 29, 2018)(JBA). ERISA specifically allows awards of costs. 29 U.S.C. § 1132(g). The expenses claimed are reasonable. It is the prevailing practice in the legal community to bill fee-paying clients separately for the expenses claimed.

Costs of $2,410.19 are claimed.  An itemized statement of costs is attached as ex. H.

**CONCLUSION**

An award of $437,961.34 for fees and costs should enter.


**By:   /s/     Winona W. Zimberlin**
**Winona W. Zimberlin**
**Zimberlin Law LLC**
**267 Main St.**
**Manchester, CT. 06042**
**Ct 05501**
**(860) 783-5999**